173 F.3d 1150
 99 Cal. Daily Op. Serv. 2073, 1999 Daily
Journal D.A.R. 2685
Yousef SAMAN; Mohammed Alfaorr; Estate of Butres Samaan;
Majodoleen Samaan; Maher Samaan; Mageda Samaan; Magid
Samaan; Roufai Samaan; Josefine Saman; Saman Saman;
Martes Saman, Plaintiffs-Appellees,
v.
Daniel ROBBINS; Shauna Clark; City of San Bernardino, Defendants,
and
Michael Blechinger; Mitchal Kimball, Defendants-Appellants.
Yousef Saman; Estate of Butres Samaan; Majodoleen Samaan;
Maher Samaan; Mageda Samaan; Magid Samaan;
Roufai Samaan; Josefine Saman; Saman
Saman; Martes Samaan, Plaintiffs,
and
Mohammed Alfaorr, Plaintiff-Appellee-Cross-Appellant,
v.
Daniel Robbins; City of San Bernardino; Norine Miller;
Valeria Popeludlam; Mitchal Kimball; Thomas Minor;
Michael Maudsley; Ralph Hernandez; Jack Reilly; Esther
Estrada; William Holcomb; Shauna Clark,
Defendants-Appellants-Cross-Appellees.
Yousef Saman; Mohammed Alfaorr; Estate of Butres Samaan;
Majodoleen Samaan; Maher Samaan; Mageda Samaan; Magid
Samaan; Roufai Samaan; Josefine Saman; Saman Saman;
Martes Samaan, Plaintiffs-Appellees,
v.
Daniel Robbins; Shauna Clark; William Holcomb; Esther
Estrada; Jack Reilly; Ralph Hernandez, et al., Defendants,
and
Mitchal Kimball; City of San Bernardino; Defendants-Appellants.
Yousef Saman; Mohammed Alfaorr; Estate of Butres Samaan;
Majodoleen Samaan; Maher Samaan; Mageda Samaan; Magid
Samaan; Roufai Samaan; Josefine Saman; Saman Saman;
Martes Samaan, Plaintiffs-Appellants,
v.
Daniel Robbins; Dale Blackwell; Mitchal Kimball,
Defendants-Appellees.
 Nos. 96-55672, 97-56683, 97-56684, 97-55724 and 97-55789.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 4, 1999.
Decided March 23, 1999.
 
 Joseph Arias, Dennis J. Mahoney and Christopher D. Lockwood, Lewis, D'Amato, Brisbois & Bisgaard, San Bernardino, California, for the defendants-appellants-cross appellees.
 Marion R. Yagman and Stephen Yagman, Yagman & Yagman, Venice, California, for the plaintiffs-appellees-cross-appellants.
 Appeals from the United States District Court for the Central District of California; Richard A. Paez, District Judge, Presiding. D.C. No. CV-93-00448-RAP.
 Before: LAY,* SCHROEDER and HALL, Circuit Judges.
 LAY, Circuit Judge:
 
 
 1
 This litigation arose from the unfortunate fatal shooting of a San Bernardino shopkeeper, Butres Samaan, by a police officer responding to a burglar alarm, and the events immediately following the shooting. Butres Samaan's survivors and estate, Yousef Saman, Mohammed Alfaorr, and Roufai Samaan,[1] filed civil rights claims against the police officer who fired the fatal shot, several police officers involved in the subsequent investigation of the shooting, various city officials, the City and County of San Bernardino and a deputy district attorney. The court granted several of the defendants' motions for summary judgment and for judgment as a matter of law until only excessive force claims remained against four of the defendants. The jury was unable to reach a unanimous verdict as to the excessive force claims against officers Michael Blechinger and Mitchal Kimball and those claims were eventually retried to a second jury.
 
 
 2
 The second jury returned a special verdict in favor of Officer Blechinger and the court entered judgment as a matter of law in his favor. This time the jury returned a verdict against Officer Kimball in the amount of $30,000 compensatory damages and $4,000 punitive damages on Mohammed Alfaorr's state law battery claim and his federal claim under 42 U.S.C. § 1983 for using excessive force in violation of his Fourth Amendment rights. The district court denied Kimball's motion for judgment as a matter of law on the merits and on the basis of qualified immunity. The district court also dismissed the remaining claims against the City of San Bernardino and several city employees in their official capacities ("Monell claims") on summary judgment.
 
 
 3
 Several of the defendants who were dismissed before trial made motions for attorney fees pursuant to 42 U.S.C. § 1988. Mohammed Alfaorr, the only prevailing plaintiff, also made a post-judgment motion for attorney fees. The district court denied the defendants' motions but awarded Alfaorr attorney fees. Alfaorr now cross-appeals because the district court reduced the amount of his attorney fees award.
 
 
 4
 Kimball appeals the judgment against him; the plaintiffs cross-appeal the judgment in favor of Blechinger and the district court's dismissal of their Monell claims. The defendants who were dismissed before trial appeal the district court's denial of attorney fees. We affirm in part and reverse in part.
 
 FACTS
 
 5
 While on routine patrol on November 6, 1992, San Bernardino Police Officer Michael Blechinger received a radio dispatch that a burglar alarm had been activated at the rear of a store called "Gibson's Healthful Living." The dispatcher gave Blechinger the correct address: 570 South E. Street. Blechinger had been to the store before and drove directly to where he thought the store was located: 391 South E. Street. Unbeknownst to Blechinger, however, Gibson's had moved to another location and he had actually arrived at "Mike's Ice Cream," which occupied the space formerly occupied by Gibson's. Mike's Ice Cream was owned by Yousef Saman. Just before Officer Blechinger arrived at the store, Yousef Saman had counted the cash in the register in preparation for closing. Yousef then gave his brother, Butres Samaan, a gun to protect them from robbers and they proceeded out the rear door of the store to carry the cash to the building where they normally kept it.
 
 
 6
 Officer Blechinger drove to the rear of the store and looked over a wall that surrounded a small parking lot or courtyard area located behind the store. He noticed a man holding a gun exit the rear door of the store. He saw another man standing in the doorway. Blechinger suspected that a burglary was in progress and ordered the man to drop his gun. The man, who was later identified as Butres Samaan, fired the gun at Blechinger and struck him in the chest.[2] A gun battle ensued and Butres Samaan was fatally wounded.
 
 
 7
 During the gun battle, Blechinger broadcast on his police radio that he had been shot, that a gun battle continued, and requested backup from other officers. He described the suspects and indicated that there was more than one suspect, at least one of whom was armed. He indicated that at least one suspect had moved through the store toward the front, which opened onto the street. Officer Mitchal Kimball was one of the first officers to arrive at the scene in response to Blechinger's call for help. He arrived at the front of the store. He saw a man who fit the description Blechinger had given of the suspects. Kimball regarded this man, who was later identified as Mohammed Alfaorr, as a suspect and moved toward him with his gun drawn. As set forth later in this opinion, two different accounts were given at trial concerning the altercation that followed.
 
 DISCUSSION
 Officer Blechinger
 
 8
 As to Officer Blechinger, the jury entered special verdicts after which the court entered judgment as a matter of law in his favor. Specifically, the jury returned a special verdict finding that (1) Blechinger identified himself as a police officer to Butres Samaan and (2) Blechinger had probable cause to believe that Butres Samaan posed a threat of serious harm to him at the moment Blechinger fired the final shots. The plaintiffs argue on appeal that they are entitled to a new trial because (1) there was insufficient evidence to support the special verdicts,[3] (2) the district court erred by refusing to properly instruct the jury, and (3) the special verdict submitted to the jury was improperly worded.
 
 
 9
 The plaintiffs' sufficiency of the evidence arguments are waived on appeal by the plaintiffs' failure to make a timely motion under Fed.R.Civ.P. 50(b) or alternatively for a new trial.[4] The Supreme Court has held that Rule 50(b) is to be strictly observed, and that failure to comply with it precludes a later challenge to the sufficiency of the evidence on appeal. See Johnson v. New York, New Haven & Hartford R.R. Co., 344 U.S. 48, 50, 73 S.Ct. 125, 97 L.Ed. 77 (1952); Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217-18, 67 S.Ct. 752, 91 L.Ed. 849 (1947); Desrosiers v. Flight Int'l of Fla. Inc., 156 F.3d 952, 956-57 (9th Cir.1998).
 
 
 10
 Blechinger testified that he identified himself four separate times during his gun battle with Butres Samaan, each time progressively louder, and that he even identified himself in Spanish because he initially believed Butres Samaan was Hispanic. Furthermore, there was evidence that Blechinger only returned fire after Butres shot at him, hitting and wounding him in the chest, and that Butres did not retreat until after he fired several shots at Blechinger. This evidence is clearly sufficient to uphold the jury's special verdict findings.
 
 
 11
 We review the district court's order granting Blechinger's motion for judgment as a matter of law de novo. See Acosta v. City and County of San Francisco, 83 F.3d 1143, 1145 (9th Cir.1996). Considering the totality of the circumstances as shown by the undisputed facts and by the facts the jury found in its special verdict, we find the district court's order granting Blechinger's motion for judgment as a matter of law was proper.
 
 
 12
 The plaintiffs' complaints about the jury instructions also are unavailing. We review the jury instructions for an abuse of discretion and will reverse only if any error is not harmless. See Gulliford v. Pierce County, 136 F.3d 1345, 1348 (9th Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 76, 142 L.Ed.2d 60 (1998). We have reviewed the record and find no error in the district court's instructions to the jury. The court denied plaintiffs' requested jury instruction number 30 concerning the question of whether Blechinger created the danger. During the parties long colloquy with the court at the jury instruction conference, the court specifically found that jury instruction number 30 was inappropriate under the facts of the case and that jury instruction 28 would adequately allow the plaintiffs to make their argument about the danger Blechinger allegedly created. We find no abuse of discretion in such a ruling.
 
 
 13
 Finally, the plaintiffs have also waived their objections to the wording of the special verdict submitted to the jury because they failed to object to the wording at trial.[5] A party must object to the form of special interrogatories in the trial court in order to preserve the issue for review on appeal. See United States v. Parsons Corp., 1 F.3d 944 (9th Cir.1993); McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 306 (5th Cir.1993); Golub v. J.W. Gant & Assoc., 863 F.2d 1516, 1520-21 (11th Cir.1989); In re Innovative Constr. Sys., Inc., 793 F.2d 875, 882 (7th Cir.1986); 9 Moore's Federal Practice § 49.11[b] (3d ed.1997). As long as the questions are adequate to obtain a jury determination of all the factual issues essential to judgment, the trial court has complete discretion as to the form of the special verdict. Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1475 (9th Cir.1995). We thus uphold the court's entry of judgment as a matter of law in favor of Officer Blechinger.
 
 Officer Kimball
 
 14
 The jury returned a verdict in favor of Alfaorr on his excessive force and battery claims against Officer Kimball. Kimball renewed his motion for judgment as a matter of law based on the sufficiency of the evidence and on qualified immunity. The district court denied his motion and Kimball appeals this ruling. We review a district court's refusal to grant judgment as a matter of law after trial de novo. See United States ex rel. Hopper v. Anton, 91 F.3d 1261, 1268 (9th Cir.1996). The district court must be affirmed if there is substantial evidence to support the verdict. Id. Based on the evidence construed in the light most favorable to Alfaorr, we find no evidence on which a reasonable jury could find that Kimball used excessive force against Alfaorr. We have held that "[s]ubstantial evidence is evidence reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." Id.
 
 
 15
 Two possible versions of the events that occurred between Alfaorr and Kimball were developed during the trial. Under Alfaorr's account of the facts, two police officers held him off the ground after he was handcuffed while a third officer kicked him more than once in the chest, foot and groin. The evidence shows, however, that Kimball was not a participant in the beating that Alfaorr described. The evidence is undisputed that Kimball was alone with Alfaorr when Officer Patrick Pritchett arrived and that Kimball told Pritchett to handcuff Alfaorr. Kimball thereafter left Alfaorr with Pritchett. Furthermore, Alfaorr never identified Kimball during either trial as one of the officers present for or involved in the version of the beating Alfaorr described.
 
 
 16
 According to Kimball's version of events, Kimball arrived at the scene where an officer had just been shot and noticed Alfaorr, who matched the description Blechinger had broadcast of the possibly-armed suspect, in a field near the store where the shooting had taken place. As Kimball approached Alfaorr, Alfaorr moved away from him. Kimball ordered Alfaorr to put his hands up and get down on the ground. Alfaorr began to comply with Kimball's directions by lowering himself to the ground. As Kimball approached, however, Alfaorr began to stand up. Fearing that Alfaorr was armed and posed a threat to his safety, Kimball admittedly grabbed Alfaorr, pushed him to the ground, and administered a single kick to Alfaorr's rib cage to knock the wind out of him and incapacitate him. He then turned Alfaorr over to Pritchett for handcuffing and left the scene to enter the store for further investigation of the shooting.
 
 
 17
 "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The relevant factors used in the reasonableness inquiry include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." Id. at 396-97, 109 S.Ct. 1865.
 
 
 18
 Kimball was responding to a serious crime. A police officer had been shot and wounded and was engaged in a gun battle. Kimball was informed that there was more than one suspect, and he knew that at least one of the suspects was armed. He noticed an individual who matched the description given of the suspect and he had no way of knowing whether the individual was armed. That individual began to comply with his commands to get down on the ground, but then suddenly jumped to his feet as Kimball approached him. Kimball's split-second judgment to administer a single kick to subdue Alfaorr in this tense, uncertain and dangerous situation in which one officer had already been shot was certainly objectively reasonable as a matter of law. See Mendoza v. Block, 27 F.3d 1357, 1362-63 (9th Cir.1994) (finding the use of a police dog resulting in several bites to secure robbery suspect who was believed to be armed objectively reasonable under the circumstances); Forrester v. City of San Diego, 25 F.3d 804, 807 (9th Cir.1994) (finding the use of pain compliance techniques on nonresisting abortion protestors that resulted in bruises, a pinched nerve and a broken wrist was objectively reasonable). Therefore, we find the evidence was insufficient as a matter of law to support the jury's verdict against him under § 1983 or under the state battery claim.[6] In view of this finding, we need not pass on Kimball's alternative argument that he was entitled to a judgment as a matter of law on the ground of qualified immunity. We therefore vacate the jury verdict and remand the case to the district court with directions to enter judgment in favor of Kimball. Consequently, the district court's order granting Alfaorr attorney fees pursuant to 42 U.S.C. § 1988 is also reversed because Alfaorr is no longer a prevailing party. Alfaorr's cross-appeal regarding the court's reduction of his attorney fees award is therefore rendered moot.
 
 Monell Claims
 Roufai Samaan/Illegal Arrest
 
 19
 Plaintiff Roufai Samaan, the brother of Butres Samaan and part-owner of Mike's Ice Cream, claimed he was illegally arrested pursuant to an unconstitutional city policy. His claim against the City was dismissed pursuant to a motion for judgment as a matter of law at the close of evidence after the first trial. We affirm the ruling of the district court. Roufai's own testimony reveals that he was not arrested, but rather voluntarily accompanied officers to assist them with their investigation. Furthermore, upon careful examination of the record, the evidence reveals no city policy of making illegal arrests.
 
 Excessive Force
 
 20
 The district court granted summary judgment in favor of the City on the plaintiffs' claims that the City has a policy authorizing police officers to use excessive force. We review the district court's order granting summary judgment de novo. Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir.1997). We affirm the ruling of the district court. By finding that officers did not use excessive force against Butres Samaan and Alfaorr, the question whether the City had a policy authorizing or condoning the use of excessive force is moot because the plaintiffs suffered no constitutional deprivations. See Forrester, 25 F.3d at 808.
 
 Attorney Fees
 
 21
 Several prevailing defendants filed motions for attorney fees under 42 U.S.C. § 1988, claiming the cases filed against them were frivolous. The district court denied their motions, stating that "[a]lthough several of the plaintiffs' claims may have been groundless, those claims were related to plaintiffs' nonfrivolous claims." We review the district court's decision to deny attorney fees under § 1988 for abuse of discretion. Corder v. Gates, 104 F.3d 247, 249 (9th Cir.1996).
 
 
 22
 A defendant may recover § 1988 attorney fees only if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citations omitted). Upon review of the record and the district court's order, with one exception, we cannot say that the district court abused its discretion by finding that the circumstances of this case did not warrant an award of attorney fees to the prevailing defendants. As this court has recognized, "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." Barry v. Fowler, 902 F.2d 770, 773 (9th Cir.1990). Therefore, we affirm the district court's judgment denying the prevailing defendants' motions for attorney fees. However, we reverse the district court's order with respect to Officer Dana Bee.
 
 
 23
 The district court specifically found that the claims against Officer Dana Bee were groundless. We agree with this finding because Officer Bee's involvement in this case was limited to drawing the diagram of the scene of the shooting that was used by both the plaintiffs and the defendants at trial. Officer Bee had no physical contact with any of the plaintiffs.[7] However, even after finding that the high standard for awarding attorney fees and costs to a prevailing defendant under 42 U.S.C. § 1988 had been satisfied, see Hughes, 449 U.S. at 14, 101 S.Ct. 173 (requiring court to find that plaintiff's claim was "groundless or without foundation" before awarding fees to prevailing defendant), the district court denied Officer Bee's request for attorney fees. After a careful review of the record, we conclude that the district court abused its discretion in denying Officer Bee's fee request. Although the Supreme Court has established a high hurdle for prevailing defendants to clear before being awarded attorney fees under 42 U.S.C. § 1988, that hurdle is not insurmountable. Officer Bee met that burden, as demonstrated by the district court's finding that the claims against him were "groundless." Based on the foregoing, we reverse the district court's order denying officer Bee's request for attorney fees and costs under 42 U.S.C. § 1988, and remand this case for further proceedings consistent with this opinion.
 
 CONCLUSION
 
 24
 For the reasons stated above, we affirm the judgment in favor of Officer Blechinger. We reverse the district court's denial of Officer Kimball's motion for judgment as a matter of law and remand to the district court for further proceedings consistent with this opinion.[8] We affirm the district court's dismissal of the Monell claims. Finally, we reverse the district court's award of attorney fees to Alfaorr, reverse the district court's denial of attorney fees to Officer Dana Bee, and otherwise affirm the court's denial of attorney fees to the prevailing defendants.
 
 
 25
 IT IS SO ORDERED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 The names Mohammed Alfaorr and Roufai Samaan are spelled inconsistently in the parties' briefs, in the pleadings, in the court's docket sheet and in the record. We have chosen the spellings listed on this court's docket sheet for consistency. We apologize to any individuals whose names are misspelled
 
 
 [2]
 Blechinger was wearing a bullet proof vest and the bullet hit the steel plate inside the vest
 
 
 [3]
 Although the plaintiffs do not specifically state that they are challenging the sufficiency of the evidence in their briefs, the essence of several of their arguments amounts to an attack on the sufficiency of the evidence
 
 
 [4]
 Even if the plaintiffs had made a motion for a new trial pursuant to Rule 59, this court accords great deference to Rule 59 rulings from the district court. Desrosiers v. Flight Int'l of Fla. Inc., 156 F.3d 952, 957 (9th Cir.1998). As Justice White, while sitting by designation on the Eighth Circuit, stated:
 [W]here the basis of a Rule 59 ruling is that the verdict is not against the weight of the evidence, and where the district court balances and weighs the evidence based on the proper legal standards, the court's denial of a Rule 59 motion is virtually unassailable. In such cases, we reverse for clear abuse of discretion only where there is an absolute "absence of evidence" to support the jury's verdict.
 Pulla v. Amoco Oil Co., 72 F.3d 648, 656-57 (8th Cir.1995) (citations omitted). In light of such a deferential standard, the evidence certainly does not warrant a new trial where the plaintiffs failed to make a motion for a new trial in the district court and the district court did not have the opportunity to pass upon the weight of the evidence. In any event, there was ample evidence to support the jury's special verdict findings.
 
 
 [5]
 The case the plaintiffs cite to support their claim that this court may review the wording of the special verdict questions in the absence of an objection is inapposite. See Pierce v. Southern Pacific Transp. Co., 823 F.2d 1366, 1369-70 (9th Cir.1987). This case does not involve special verdict answers that are inconsistent as Pierce did, and the plaintiffs are not arguing that the jury's answers were inconsistent. Instead, the plaintiffs are complaining about the wording of the questions submitted to the jury
 
 
 [6]
 A prima facie case for battery is not established under California law unless the plaintiff proves that an officer used unreasonable force against him to make a lawful arrest or detention. Edson v. City of Anaheim, 63 Cal.App.4th 1269, 1273, 74 Cal.Rptr.2d 614 (Cal.Ct.App.1998). Therefore, we reverse the judgment entered in favor of Alfaorr on his battery claim as well. Alfaorr's battery claim must fail along with his § 1983 claim because we hold that no reasonable jury could have found that Officer Kimball's actions were objectively unreasonable under the circumstances
 
 
 [7]
 In response to interrogatories asking for the basis of their suit against Officer Bee, the plaintiffs admitted that Officer Bee had only "[p]articipated in the homicide investigation, created crime scene diagrams of store, [and] made notations of vehicle locations." Officer Bee was not present at the scene, and had no contact with the plaintiffs
 
 
 [8]
 Officer Blechinger's and Officer Kimball's interlocutory appeal of the district court's denial of their motion for judgment as a matter of law after the first trial on the basis of qualified immunity, No. 96-55672, is rendered moot after judgment is entered in their favor on the merits