**Chris CLIFFORD, et al., Plaintiffs— Appellants,**

v.

**Norm RICE, Mayor, et al., Defendants—Appellees.**

No. 01–35063.

D.C. No. CV–95–00780–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2002.

Decided May 14, 2002.

Before RYMER, MCKEOWN, and GOULD, Circuit Judges.

MEMORANDUM *

Chris Clifford and Jerseys All–American Sports Bar, Inc. (Jerseys) appeal the district court's orders denying their motions for JNOV and a new trial after a jury verdict for the City of Seattle and others. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We decline the City's invitation to dismiss the entire appeal on the basis of an improper record, or to strike parts of Jerseys's Excerpts of Record that have not already been withdrawn.

Most of Jerseys's appeal turns on whether a claim having to do with the City's failure to provide a licensing process ("license claim") was at issue. We cannot say that it was, given that the amended complaint alleged violation of First Amendment freedom of association and Fourteenth Amendment due process rights. Because the complaint was so unclear, Judge Lasnik properly clarified that Jerseys's due process theory was that it once had the City's permission for "added activities," but that the permission was improperly withdrawn. A different view of the proceedings is not required on any of the bases that Jerseys now posits. Judge Dimmick's order simply explained Jerseys's claim that despite having no application process, the City consented to Jerseys's activities; it is not law of the case that a "license claim" had been asserted. Nor was the "license claim" actually tried, thereby invoking Rule 15(b). This means that the court did not err by failing to instruct on a "license claim." For these reasons, we do not decide whether the City is subject to *Monell* liability, or whether Jerseys would be entitled to a directed verdict or judgment as a matter of law, on a "license claim." We hold only that it was not entitled to judgment on the claims that were tried.

The same is true of Jerseys's submission that the City was obliged to have a forum in which it could seek a *Perry v. Sindermann* type hearing, and that it should have been allowed to pursue a freedom of expression claim. Neither was ever properly before the district court. Although Jerseys argues that the court should have

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

deemed its complaint amended when ruling on its motion for reconsideration, we disagree that the court abused its discretion in declining sua sponte to do so. *See Simon v. Value Behavioral Health, Inc.,* 208 F.3d 1073, 1084 (9th Cir.2000) (standard of review).

Jerseys contends that the district court should have granted its motions in limine addressing the City's inconsistent positions regarding its responsibilities for added activities permitting, but we see no abuse of discretion. At most the City took an alternative position when its primary position was rejected. *See Rissetto v. Plumbers and Steamfitters Local 343,* 94 F.3d 597, 600–01 (9th Cir.1996) (standard of review). Likewise, the court properly refused to give preclusive effect to the order in *Jersey's All-American Sports Bar, Inc. v. Washington State Liquor Control Bd.,* No. C98–1622C (W.D.Wash., June 29, 1999) (unpublished order). The same claims were not at issue in both actions. *See Robi v. Five Platters, Inc.,* 838 F.2d 318, 321 (9th Cir.1988).

Jerseys failed to object to the Verdict Form in the trial court and therefore failed to preserve this issue for appeal. *See Saman v. Robbins,* 173 F.3d 1150, 1155 (9th Cir.1999).

Finally, there was ample evidence in the correspondence from the Washington State Liquor Control Board and testimony of City officials that Jerseys was informed of the need to request and obtain written permission from the City for "added activities," that it never made any such request prior to June 5, 1992, and that the admissions tax was not the equivalent of or a substitute for written City permission. *See Johnson v. Paradise Valley Unified Sch. Dist.,* 251 F.3d 1222, 1227 (9th Cir. 2001) (standard of review).

Jerseys has abandoned discovery and evidentiary issues because it failed to make any argument in support. *See Martinez–Serrano,* 94 F.3d at 1259; Fed. R.App. P. 28(a)(9)(A).

AFFIRMED.