EATON CORPORATION, Plaintiff-counter-defendant—Appellee,

v.

SIGNAL TECHNOLOGY MICROWAVE PRODUCTS CORPORATION, et al., Defendants-counter-claimants—Appellants.

eaton corporation, Plaintiff-counter-defendant—Appellant,

v.

Signal Technology Microwave Products Corporation, et al., Defendants-counter-claimants—Appellees.

Nos. 01–16075, 01–16140.

D.C. No. CV–97–01723–WHO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided Nov. 26, 2002.

Before KLEINFELD and RAWLINSON, Circuit Judges, and REA, District Judge.*

MEMORANDUM**

The district court did not err in granting Eaton's motion for summary judgment on Signal's fraud claim because Signal failed to present a genuine issue of material fact as to the existence of damages *in addition to* those recoverable under a breach of contract theory. *See e.g., Textron Fin. Corp. v. Nationwide Mut. Ins. Co.,* 115 Ohio App.3d 137, 151, 684 N.E.2d 1261, 1271 (1996).

There was substantial evidence to support the jury's 50–50 apportionment of liability. *Pavao v. Pagay,* 307 F.3d 915, 918–19 (9th Cir.2002). The jury could have properly given more weight to the findings of the Water Board and the judge in the SRPA action than to Eaton's expert's testimony.

We are not persuaded by Signal's contention that Eaton failed to give notice of the Water Board proceedings. The jury concluded that Eaton provided proper and timely notice to Signal of the environmental clean-up order issued by the California Regional Water Quality Control Board. Because the jury's finding in this regard is supported by substantial evidence, the district court did not abuse its discretion in denying Signal's Rule 59 motion for a new trial. *See Saman v. Robbins,* 173 F.3d 1150, 1154 n. 4 (9th Cir.1999).

The district court committed no error in providing declaratory relief at Eaton's request and clarifying the extent of Signal's indemnification obligation. *See* Fed. R.Civ.P. 59(e).

The district court committed no error in requiring Eaton to allocate responsibility for contamination of the SRPA property between itself and Signetics as a condition to recovering the $975,000.00 in settlement payments Eaton made to SRPA. *See Faria v. M/V Louise,* 945 F.2d 1142, 1143–45 (9th Cir.1991) (requiring the plaintiff to establish apportionment of damages where no

---

* The Honorable William J. Rea, Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

such apportionment was made in connection with a settlement).

**AFFIRMED.**