**James W. LUNSFORD, Plaintiff— Appellant,**

v.

**LASALLE PROPERTY MANAGEMENT LIMITED, business form unknown; Jones Lang Lasalle, business form unknown; Local 39 International Union of Operating Engineers, Stationary Engineers, an incorporated labor organization; L/CIO International Union of Operating Engineers, an unincorporated labor organization; Jones Lang Lasalle Management Services, Inc., Defendants—Appellees.**

No. 01–17453.
D.C. No. CV–00–00676–WHA/EDL.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2003.*

Decided March 14, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before TROTT, RYMER and TALLMAN, Circuit Judges.

## MEMORANDUM **

James W. Lunsford ("Lunsford") appeals the district court's order granting judgment as a matter of law under Federal Rule of Civil Procedure 50 to his former employer, LaSalle Property Management ("LaSalle"). Lunsford brought a "hybrid" breach of contract/unfair representation action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against LaSalle and IUOE Stationary Engineers Local 39 ("the Union"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order granting judgment as a matter of law. *Saman v. Robbins*, 173 F.3d 1150, 1155 (9th Cir.1999). LaSalle fired Lunsford because of his demonstrated inability to connect with subordinates and his insubordination stemming from events occurring after Lunsford installed a surveillance system without first seeking approval from his supervisors. We conclude that the district court properly granted LaSalle's Rule 50 motion because no reasonable jury could have found that LaSalle lacked just cause to terminate Lunsford for these reasons.[1] We agree with the district court's assessment that the evidentiary record was not legally sufficient to support a verdict in Lunsford's favor.

After building engineers complained about having unauthorized and inappropriate surveillance cameras monitor their break room and other areas, the Chief Engineer ordered Lunsford, the Assistant Chief Engineer who had installed the cameras, to remove them. Lunsford then approached Ed Addis, his subordinate and one of the engineers who had complained. Lunsford yelled at Addis and called him a "f ... pussy" and a "whining m ... f...." " Addis complained to the Union representative and the Chief Engineer about Lunsford's angry and profane behavior. Based on this incident, Lunsford received a warning about his interaction with subordinates.

Lunsford later had a conversation with another subordinate, Leo LaRocca, during which Lunsford insinuated that LaRocca's deceased father would not have approved of LaRocca's behavior at work. LaRocca told the Chief Engineer and the Union representative about this conversation, and later testified at trial that Lunsford's comment upset him. LaSalle fired Lunsford because, in LaSalle's view, these incidents demonstrated poor judgment in dealing with subordinates and an inability to connect with subordinates. LaSalle fired Lunsford for an additional reason, insubordination, because he did not remove the cameras when asked, disobeyed his supervisor by contacting a Transamerica representative, and exhibited poor judgment and an inability to take direct orders from a supervisor. No competent evidence was produced to demonstrate that LaSalle did not act with just cause in firing Lunsford for these reasons. Lunsford does not dispute the facts concerning his behavior towards his subordinates. Because no reasonable jury could have found just cause lacking, we affirm the district court's ap-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Lunsford argues also that he did not receive adequate notice of factual or evidentiary defi-

ciencies in his case as required by Rule 50. We disagree. Lunsford had ample notice of, and time to respond to, the issues raised by LaSalle's Rule 50 motion.

propriate grant of judgment as a matter of law to LaSalle.[2]

AFFIRMED.

---

2. In light of this disposition, we need not address the other issues raised.