Jeffrey KONVITZ, Plaintiff/Appellant,

v.

MIDLAND WALWYN CAPITAL, INC., Merrill Lynch Canada, Inc., and Denny C. Matte, Defendants/Appellees.

Jeffrey Konvitz, Plaintiff/Appellee,

v.

Midland Walwyn Capital, Inc., Merrill Lynch Canada, Inc., Defendants,

and

Denny C. Matte, Defendant/Appellant.

Jeffrey Konvitz, Plaintiff/Appellee,

v.

Midland Walwyn Capital, Inc., Merrill Lynch Canada, Inc., Defendants/Appellants,

and

Denny C. Matte, Defendant.

Nos. 03–56505, 03–56626, 03–56627.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2005.

Decided March 28, 2005.

Jeffrey S. Konvitz, Esq., Los Angeles, CA, Pro se.

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

Joel P. Schiff, Esq., Kehr, Schiff & Crane, LLP, Los Angeles, CA, for Plaintiff/Appellant.

Michael M. Gless, Esq., Keesal, Young & Logan, Long Beach, CA; and Mark H. Epstein, Esq., Munger Tolles & Olson, LLP, Morton G. Rosen, Esq., Jules Zeman, Esq., and William E. Ireland, Haight, Brown & Bonesteel, LLP, Los Angeles, CA, for Defendants/Appellees.

Before: GRABER and CALLAHAN, Circuit Judges, and BREYER, District Judge.*

## MEMORANDUM **

A jury found defendants Denny Matte ("Matte") and Midland Waylwyn Capital Inc. ("Midland"), liable for fraud and awarded plaintiff Jeffrey Konvitz ("Konvitz") $215,668.67 in compensatory damages and $4,784,331.33 in punitive damages. On Midland's motion, the district court reduced the punitive damages to $1,078,343.55. The court also denied Matte's and Midland's motions for judgment as a matter of law and Konvitz's motion for a new trial on compensatory damages. All parties appeal. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

1. We review a district court's determination of personal jurisdiction de novo. *See Easter v. Am. W. Fin.*, 381 F.3d 948,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

956 (9th Cir.2004). Once a court holds that the plaintiff has made a *prima facie* showing of personal jurisdiction, a plaintiff carries the burden of proving personal jurisdiction by a preponderance of the evidence only if the defendant contests personal jurisdiction at trial. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir.1998). We need not decide whether Matte sufficiently contested personal jurisdiction because the evidence at trial establishes personal jurisdiction by a preponderance of the evidence.

2. We also review a district court's determination of standing de novo. *See Easter*, 381 F.3d at 956. Konvitz has standing because he proved an injury to a right he possessed as an individual; namely, he proved that he became an officer, director, and shareholder of Multipix and spent eight months using his movie industry contacts to negotiate deals for Multipix in reliance on Matte's false representations. *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.1998) (stating that "the mere presence of an injury to the corporation does not necessarily negate the simultaneous presence of an individual injury" because "an action may lie both derivatively and individually based on the same conduct").

3. The jury's verdict finding Matte liable must be upheld if it is supported by "substantial evidence." *Becker v. Hazelwood (In re Exxon Valdez)*, 270 F.3d 1215, 1237 (9th Cir.2001). To prevail, Matte must show that "without weighing the credibility of the witnesses there can be but one reasonable conclusion to the verdict." *Bourns, Inc. v. Raychem Corp.*, 331 F.3d 704, 709 (9th Cir.2003) (internal quotation marks and citation omitted). Matte has not met this heavy burden. Several witnesses testified that Matte made actionable representations of fact. The evidence also supports an inference that Matte in-

tended to defraud Konvitz; Matte's alleged lack of a financial motive was a factor for the jury to consider, but it does not mean the jury could not find an intent to defraud. Finally, the jury's verdict of justifiable reliance is also supported by substantial evidence. Matte is asking us to reweigh the evidence and make our own findings. This we cannot do. *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir.2001).

4. The jury's finding that Matte was a director of Multipix is irrelevant to Matte's appeal since the jury found that Konvitz justifiably relied on Matte without regard to Matte's fiduciary status and any presumption arising from that status.

5. The jury's $50,000 award for emotional distress is supported by substantial evidence. The trial court, who masterfully managed this complicated litigation and observed the entire proceedings, found that the "clear content, not just the import, but the clear content of Mr. Konvitz's testimony in the earlier phase of the trial was that he was outraged that he had been had, as he saw it."

6. We review the district court's denial of Konvitz's motion for a new trial on compensatory damages for a clear abuse of discretion. *See Desrosiers v. Flight Int'l of Fla., Inc.*, 156 F.3d 952, 957 (9th Cir.1998). No such abuse of discretion occurred here.

First, Konvitz waived his new-found objections to certain damages phase jury instructions. *See* Fed.R.Civ.P. 51(c); *Hammer v. Gross*, 932 F.2d 842, 847 (9th Cir. 1991) (en banc). The record does not support Konvitz's assertion that the district court was aware of Konvitz's concerns with instruction number six and, in any event, Konvitz does not contend that the instruction was legally incorrect.

Second, the district court did not abuse its discretion in permitting Midland's "rebuttal" expert to testify. We are aware of no case that suggests a party is precluded from calling a rebuttal expert when the opposing party admits his "expert" testimony through a lay witness, and we decline to impose such a rule now. Konvitz's complaint about the inadequacy of the expert's report is unpersuasive: Konvitz was given the opportunity to depose the expert and did depose him.

Third, the jury's determination that a quantum meruit award of damages reasonably and fairly compensated Konvitz for any injury he suffered as a result of the fraud is supported by the evidence. *See Saman v. Robbins*, 173 F.3d 1150, 1154 n. 4 (9th Cir.1999) (noting that we may reverse a denial of new trial motion for a clear abuse of discretion only where there is an absolute absence of evidence to support the jury's verdict). The evidence supported a finding that Konvitz performed work on Multipix's behalf in reliance on Matte's representations; paying Konvitz for that work compensated him for the injury he suffered as a result of the fraud.

The jury was not required to compensate Konvitz for his five-year employment contract or the lost value of the Multipix stock. To the contrary, the jury reasonably could have found that if there had been no fraud, that is, if Matte had honestly represented that he would (or might) not provide the financing, Konvitz would not have received the benefits of a five-year employment contract and the value of the stock would still have decreased; in other words, to compensate Konvitz for the unperformed employment contract and the lost value of the Multipix stock would leave Konvitz in a better position than if there had been no fraud at all. The jury also may have found that Konvitz would not have made any money on the stock (because Multipix would have failed in any event), or that Konvitz's evidence of value was too speculative.

7. A district court's remittitur of punitive damages on constitutional grounds is reviewed de novo. *See Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 431, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001). Courts reviewing the constitutionality of punitive damages consider three criteria: "(1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the harm (or potential harm) suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Leatherman Tool Group, Inc. v. Cooper Indus., Inc.*, 285 F.3d 1146, 1148 (9th Cir. 2002) (internal quotation marks omitted).

■ Our review of these factors leads us to conclude that the five-to-one ratio of punitive to compensatory damages allowed by the district court is the maximum amount that is constitutionally permissible in the circumstances of this case. Matte's (and thus Midland's) conduct was not particularly reprehensible: the harm caused was primarily economic as opposed to physical; it did not involve any acts taken in reckless disregard for the health and safety of others; and the target of the conduct—Konvitz—was not vulnerable financially or otherwise. The punitive damages awarded by the jury were 22 times actual damages, well beyond the single-digit benchmark discussed in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 425, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), and the four-to-one ratio the Supreme Court called "close to the line" of "constitutionality impropriety" in *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 23–24, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). Finally,

Matte's conduct would not have been subject to penalties in any amount approaching the $4.7 million punitive damages jury award; instead, "California typically imposes treble damages penalties for fraudulent and bad faith conduct." *Bardis v. Oates,* 119 Cal.App.4th 1, 14 Cal.Rptr.3d 89, 106 (2004), *cert. denied,* — U.S. —, 125 S.Ct. 1325, 161 L.Ed.2d 113, 2005 WL 406076 (U.S. Feb. 22, 2005) (No. 04–810).

AFFIRMED.

