**Pedro RIVERA; Aracely Rivera, Plaintiffs–Appellants,**

**v.**

**ALLSTATE INS. CO., Defendant–Appellee.**

**No. 05–15492.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2007.*

Filed Feb. 22, 2007.

Robert F. Campbell, Esq., Oakland, CA, for Plaintiffs–Appellants.

Leticia R. Todd, Esq., Sonnenschein Nath & Rosenthal, LLP, San Francisco, CA, for Defendant–Appellee.

* This panel unanimously concludes that this case is suitable for decision without oral argument. _See_ Fed. R.App. P. 34(a)(2).

Before: WALLACE, D.W. NELSON, and McKEOWN, Circuit Judges.

MEMORANDUM **

Pedro and Aracely Rivera (Riveras) appeal from the district court's judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In this insurance coverage dispute, the Riveras alleged that "a washing machine overflowed in [their] House, causing structural damage ... and damage to ... personal property." The Riveras further alleged that Allstate unreasonably, and in bad faith, denied payment of their claim for damages arising from the overflow. The Riveras asserted claims for breach of contract, bad faith and punitive damages. The district court awarded a summary judgment in Allstate's favor on all claims.

On appeal, we affirmed the district court's summary judgment with respect to the bad faith and punitive damages claims, but reversed and remanded for trial on the breach of contract claim. *See Rivera v. Allstate Ins. Co.*, No. 02–17167 at 8 (9th Cir. May 25, 2006) (unpublished).

On remand, the jury was asked to answer seven questions which included:

1. Have plaintiffs proven by a preponderance of the evidence that the water-damage claim occurred as claimed?

The jury answered "no" to this question. The district court thereafter entered a judgment in Allstate's favor.

** This disposition is not appropriate for publication and is not precedent except as provid-

The Riveras now contend that the jury's answers on the special verdict cannot support the judgment. We review the district court's judgment as a matter of law de novo. *See Saman v. Robbins*, 173 F.3d 1150, 1155 (9th Cir.1999).

We must determine whether the questions asked in the special verdict "are adequate to obtain a jury determination of all factual issues essential to judgement." *Mangold v. Calif. Pub. Utilities Comm'n*, 67 F.3d 1470, 1475 (9th Cir.1995) (quotations omitted). We consider "the totality of the circumstances as shown by the undisputed facts and by the facts the jury found in its special verdict." *See Saman*, 173 F.3d at 1155. "Taken as a whole, the instructions and interrogatories must fairly present the issues to the jury. If the issues are fairly presented, the district court has broad discretion regarding the precise wording of the instructions and interrogatories." *Mangold*, 67 F.3d at 1475 (quotations omitted).

Both parties agree California law applies, and we applied California law in the prior appeal. *See Rivera v. Allstate Ins. Co.*, 100 Fed.Appx. 641 (9th Cir.2004) (unpublished). Under California law,

In an action on an insurance policy that has *not* been lost or destroyed, it is well settled that the burden is on an insured to establish that the occurrence forming the basis of its claim is within the basic scope of insurance coverage. And, once an insured has made this showing, the burden is on the insurer to prove the claim is specifically excluded.

*Dart Indus., Inc. v. Commercial Union Ins. Co.*, 28 Cal.4th 1059, 124 Cal.Rptr.2d 142, 52 P.3d 79, 87 (2002) (citations, quotations, and punctuation omitted).

ed by 9th Cir. R. 36–3.

*Dart* thus requires that the Riveras establish "the occurrence forming the basis of [their] claim." *Id.* The jury found that the Riveras failed to do so. The district court therefore properly entered a judgment in favor of Allstate on the breach of contract claim. We need not address the Riveras' further arguments that judgment was unsupported by the jury's other responses to the special verdict.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.