**Ali T. AGHA, Plaintiff—Appellant,**

v.

**Duane ROSENGREN; Thomas Bullard; Jeff Miller; City of Rohnert Park, Defendants—Appellees.**

No. 06–15184.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 30, 2008.

Ali T. Agha, Santa Rosa, CA, pro se.

Raymond J. Fullerton, Jr., Esq., Geary Shea O'Donnell & Grattan, Steven Mitchell, Esq., Leo Bartolotta, Santa Rosa, CA, for Defendants–Appellees.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ali T. Agha appeals pro se from the district court's judgment for defendants after a bench trial in his 42 U.S.C. § 1983 action alleging that defendants violated his Fourth Amendment rights by using excessive force when arresting him. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error factual conclusions and review de novo legal conclusions. *Friends of Yosemite Valley v. Norton*, 348 F.3d 789, 793 (9th Cir.2003). We affirm.

The district court did not clearly err when it concluded that the officer did not use excessive force when arresting Agha. *See Saman v. Robbins*, 173 F.3d 1150, 1155–56 (9th Cir.1999). Further, because Agha failed to prove his excessive force claim, his related state and federal claims fail. *See id.* at 1157 n. 6 ("A prima facie case for battery is not established under California law unless the plaintiff proves that an officer used unreasonable force against him to make a lawful arrest or detention."); *id.* at 1157 (stating that the question of whether the City had a policy authorizing or condoning the use of excessive force is moot if plaintiff cannot show a constitutional deprivation). Similarly, the district court properly granted summary judgment on Agha's false arrest claim because it is undisputed that Agha refused to sign the notice to appear. *See* Cal.Penal Code § 853.5(a) (stating that the failure to sign the notice to appear permits arrest and detention); *Henry v. County of Shasta*, 132 F.3d 512, 522 n. 17 (9th Cir.1997).

Agha contends that he did not receive a fair trial. The district court did not abuse its discretion in conducting Agha's bench trial. *See Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir.2001) (stating trial courts have broad authority to impose reasonable time limits). Agha's claim of judicial bias, raised for the first time on appeal, is not supported by the record. *See King v. U.S. Dist. Court*, 16 F.3d 992, 993 (9th Cir. 1994).

Agha's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

