**Edward C. BOLLINGER,
Plaintiff—Appellant,**

v.

**State of OREGON, Defendant,**

and

**Marva C. Fabien, Presiding Member of the Oregon State Board of Parole and Post Prison Supervision, and in her individual capacity; Diane Middle,**

**Chairperson of the Oregon State Board of Parole and Post Prison Supervision and in her individual capacity; Diane Rea, Chairperson of Oregon State Board of Parole and Post Prison Supervision and in her individual capacity; Michael Pacheco; Lee Coleman, Defendants—Appellees.**

No. 07–35038.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 11, 2008.

Ginger G. Mooney, Esquire, James D. Van Ness, Esquire, Van Ness Mooney, LLC, Salem, OR, for Plaintiff–Appellant.

Erin C. Lagesen, Esquire, AGOR–Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

· Before: W. FLETCHER and FISHER, Circuit Judges, and ROLL, District Judge.*

MEMORANDUM **

Edward Bollinger appeals from a jury verdict granting qualified immunity to defendants, who were members of the Oregon State Board of Parole immediately before and shortly after Bollinger's release from state custody in 1994. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\* The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not err in declining to strike defendants' affirmative defense of qualified immunity, because Bollinger invoked the law of the case doctrine through a motion in limine *before* evidence had been taken at trial. *See In re Rainbow Magazine,* 77 F.3d 278, 281 (9th Cir. 1996) (recognizing that the law of the case doctrine does not apply if substantially different evidence is adduced at a subsequent trial). Our two prior memorandum dispositions held only that defendants were not entitled to judgment as a matter of law on the issue of qualified immunity, not that Bollinger was himself conclusively entitled to such a judgment. *See Tribble v. Gardner,* 860 F.2d 321, 328 (9th Cir. 1988) (noting that defendants could develop more evidence between denial of summary judgment and trial to support their defense of qualified immunity at trial).

The district court did not err in submitting the issue of qualified immunity to the jury. That defense was not precluded under the law of the case doctrine and Bollinger did not move for judgment as a matter of law (JMOL) at the close of evidence. Moreover, having failed to move for JMOL, Bollinger has waived any challenge to the sufficiency of the evidence on appeal. *See Humetrix, Inc. v. Gemplus S.C.A.,* 268 F.3d 910, 923 (9th Cir.2001) (holding that parties must move for JMOL and renewed JMOL to preserve challenge to sufficiency of the evidence).

Bollinger waived his arguments that the district court erred by not including his proposed instructions on civil rights and that the specific wording of the district court's qualified immunity instruction was flawed, because he did not object at trial to the jury instructions on those specific bases. *See* Fed.R.Civ.P. Rule 51. We need not address his challenge to the compensatory damages instruction, because any er-

ror was rendered harmless by defendants' entitlement to qualified immunity.

Bollinger waived his arguments that the district court abused its discretion in formulating the special verdict form, because he did not object at trial to the aspects of the form he challenges on appeal. *See Saman v. Robbins,* 173 F.3d 1150, 1155 (9th Cir.1999) (holding that plaintiffs "waived their objections to the wording of the special verdict submitted to the jury because they failed to object to the wording at trial").

The district court did not err in precluding Bollinger's proposed witnesses from testifying about whether the law was clearly established. *See Act Up!/Portland v. Bagley,* 988 F.2d 868, 873 (9th Cir.1993) ("The threshold determination of whether the law governing the conduct at issue is clearly established is a question of law for the court."). Although defendants' subjective intent is generally irrelevant for qualified immunity, *see Jeffers v. Gomez,* 267 F.3d 895, 911 (9th Cir.2001), the defendants' testimony about their mental states and subjective beliefs was relevant and admissible because Bollinger sought punitive damages.

**AFFIRMED.**