
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FRANK U. BORQUEZ, | No. 10-16552 |
| Plaintiff - Appellant, | D.C. No. CV 08-0162 TUC DCB |
| v. | MEMORANDUM* |
| CITY OF TUCSON, an Arizona municipality; TUCSON POLICE DEPARTMENT; PACHECO, named as PACHECO #34960, Tucson Police Officer, in his individual and official capacity, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted September 1, 2011
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and MILLS,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Frank U. Borquez appeals the district court's order granting judgment as a matter of law as to his claim of excessive force brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Saman v. Robbins*, 173 F.3d 1150, 1155 (9th Cir. 1999), and we affirm.

**I.**

The district court properly granted judgment as a matter of law on the excessive force claim, because Sergeant Fabian Pacheco was entitled to qualified immunity.

As reflected by the special verdict form, the jury found that Borquez "grabbed the arm of Defendant Fabian Pacheco as they encountered each other near the front door" of the residence. At the time his arm was grabbed, Pacheco was escorting an arrestee (Borquez's adult son) to a police vehicle. Pacheco shoved Borquez, and Borquez stumbled, hitting his head against a wall and injuring his knee as he fell to the ground.

Given the jury's finding that Borquez grabbed Pacheco's arm, we conclude that it would not have been sufficiently clear to every reasonable officer whether Pacheco's shove was unlawful under these conditions. *See Mattos v. Agarano*, 661 F.3d 433, 452 (9th Cir. 2011) (en banc); *see also Blankenhorn v. City of Orange*,

485 F.3d 463, 481 (9th Cir. 2007); *Drummond v. City of Anaheim*, 343 F.3d 1052, 1060 (9th Cir. 2003). Therefore, Pacheco is entitled to qualified immunity.

Borquez unpersuasively argues that the district court's grant of judgment as a matter of law is inconsistent with the jury's finding that Pacheco used excessive force. Although we give deference to the jury's verdict, whether a right is clearly established is a pure question of law that is reserved for a court to decide. *See Trevino v. Gates*, 99 F.3d 911, 917 (9th Cir. 1996). This is a threshold determination that is distinct from the merits of the claim. *See Mitchell v. Forsyth*, 472 U.S. 511, 527-28 (1985).

## II.

Borquez has waived his false arrest claim by failing to properly raise it in his opening brief. *See United States v. Waters*, 627 F.3d 345, 359 n.6 (9th Cir. 2010). Even if we were to hold otherwise, the false arrest claim would fail on the merits.

A police officer is "entitled to qualified immunity on a false arrest claim if a reasonable officer in his position could have believed that probable cause existed." *Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (en banc). Probable cause exists when officers have "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been

or is being committed by the person being arrested." *Garcia v. Cnty. of Merced*, 639 F.3d 1206, 1209 (9th Cir. 2011) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

Considering that Borquez approached an officer leading an arrestee to a police vehicle, verbally challenged the officer's actions, and grabbed the arm of the officer, we conclude that a reasonable officer in Pacheco's position could have believed that probable cause existed to arrest Borquez for interfering in governmental operations, in violation of A.R.S. § 13-2402.

The jury's finding that Borquez did not use or threaten to use physical force "to knowingly obstruct, impair or hinder the enforcement of the penal law or the preservation of the peace" is not dispositive. Though the jury may have concluded that Borquez did not in fact commit the offense of interfering with governmental operations, that does not preclude probable cause to make an arrest. *See Garcia*, 639 F.3d at 1209 (holding that police need only a "fair probability," not a preponderance of evidence, that a person committed an offense to have probable cause to make an arrest).

**AFFIRMED.**

4