**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON OBAS, | No. 11-15617 |
| Plaintiff - Appellee, | D.C. No. 5:09-cv-05540-LHK |
| v. | |
| COUNTY OF MONTEREY; CONAN HICKEY; BRYAN HOSKINS, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Argued and Submitted December 4, 2012
San Francisco, California

Before: TROTT, RAWLINSON, and CUDAHY,[**] Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

1

Conan Hickey (Hickey) and Bryan Hoskins (Hoskins) appeal from the denial of their motion for summary judgment based on their assertion of qualified immunity.

1.      The district court's rejection of a qualified immunity defense is immediately appealable. *See Wilkinson v. Torres*, 610 F.3d 546, 549-50 (9th Cir. 2010).

2.      The district court did not err in finding that disputed facts in this case were material to the qualified immunity analysis. Hickey and Hoskins contend that Emergency Medical Technicians (EMTs) informed them that Obas was cleared for transport via police cruiser. The examining EMT, Mike Vindhurst (Vindhurst), counters that he recommended to officers that Obas be placed in c-spine precautions and taken to the hospital via ambulance. The recommendation was given to a group of "2 or 3 deputies." Although Vinhurst could not identify the deputies with particularity, Hickey and Hoskins were in the vicinity and admitted speaking with EMTs on the scene. Indeed, the officers conceded in the district court that if a recommendation had been made to transport Obas in an ambulance,

failure to do so would amount to excessive force in violation of clearly established law. Counsel confirmed this concession during oral argument.

3. Obas' state law battery claims are analyzed under the same framework, and require the same proof, as his section 1983 excessive force claim. *See Saman v. Robbins*, 173 F.3d 1150, 1157 n.6 (9th Cir. 1999) (treating section 1983 and state law battery claims as synonymous). Therefore, the same question of material fact identified above precludes summary judgment on the state law battery claims, as the district court properly concluded.

4. Discretionary immunity for battery under California Government Code section 820.2 is unavailable because Hickey and Hoskins are accused of using excessive force. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 487 (9th Cir. 2007) (noting that section 820.2 "does not apply to officers who use unreasonable force in making an arrest") (citations omitted).

5. We lack jurisdiction to review the district court's denial of immunity pursuant to California Civil Code section 3333.3 for Obas' state law negligence claims. Section 3333.3 confers immunity from damages, not immunity from suit.

3

Therefore, denial of such immunity is not immediately appealable as a collateral order. *See Liberal v. Estrada*, 632 F.3d 1064, 1074 (9th Cir. 2011) ("[T]he availability of an appeal depends on whether, under *state* law, the immunity functions as an immunity from suit or only as a defense to liability.") (citations omitted) (emphasis in the original).

**AFFIRMED**.