
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANFORD S. WADLER, | No. 17-16193 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-02356-JCS |
| v. | |
| BIO-RAD LABORATORIES, INC., a Delaware Corporation; NORMAN SCHWARTZ, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted November 14, 2018
San Francisco, California

Before: GRABER and BENNETT, Circuit Judges, and KOBAYASHI,[**] District Judge.

In this whistleblower retaliation case, we hold today, in a separately filed

opinion, that the district court's instruction concerning the Sarbanes-Oxley Act of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

2002 ("SOX") was erroneous, but that the instructional error did not taint the *Tameny* claim. This disposition resolves the remaining issues in the case.

1. Plaintiff Sanford Wadler argues that the erroneous SOX instruction, which stated that the Foreign Corrupt Practices Act ("FCPA") is a "rule or regulation of the SEC," was harmless error with respect to the SOX claim. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (recognizing a rebuttable presumption of prejudice when a district court gives an erroneous jury instruction in a civil case); *Saman v. Robbins*, 173 F.3d 1150, 1155 (9th Cir. 1999) ("We review the jury instructions for an abuse of discretion and will reverse only if any error is not harmless."). Wadler's arguments on appeal differ markedly from those that he raised in the district court and differ from those embodied in his proposed instructions at trial. We therefore deem those arguments to have been abandoned, forfeited, or waived.

2. With respect to the Dodd-Frank claim, we reverse with instructions to enter judgment in favor of Bio-Rad. During the pendency of this appeal, the Supreme Court held, in *Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 778 (2018), that this statute does not apply to purely internal reports, such as the one at issue here. Accordingly, the portion of damages attributable to Dodd-Frank's

doubling provision, 15 U.S.C. § 78u-6(h)(1)(C)(ii), which amounts to about $2.96 million plus interest, must be vacated.

3.  We review the district court's evidentiary rulings for abuse of discretion. *See United States v. Lynch*, 437 F.3d 902, 913 (9th Cir. 2006) (en banc) (per curiam) (stating standard with respect to a ruling that precluded testimony); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001) (same as to exclusion of evidence under Federal Rule of Evidence 403).

(a)  The district court permissibly precluded Defendants from calling Cassingham as a witness to impeach Wadler.  The court permissibly considered the parties' stipulation, reasonably concluded that Defendants could have anticipated Wadler's testimony when they withdrew Cassingham from their witness list, and reasonably concluded that the testimony would not be offered for purely impeachment purposes.

(b)  The district court permissibly relied on Rule 403 to limit the questioning of Wadler about his search for an employment lawyer before submitting the Audit Committee Memo.  The court reasonably considered the potential for jury confusion and the potential for a mini-trial on a tangential issue.

**VACATED in part, AFFIRMED in part, and REMANDED.**  The parties shall bear their own costs on appeal.

3