**Jo Ann PETERS, Plaintiff,**

v.

**WINCO FOODS, INC., Waremart, Inc., and Does 1 through 20 Defendants.**

**No. CIV.S02–2010 FCD KJM.**

United States District Court, E.D. California.

April 29, 2004.

---

Lynn Hubbard III, Law Offices of Lynn Hubbard III, Chico, CA, for plaintiff.

Samuel T McAdam, Anna Tuyet Ngo, Seyfarth Shaw, Sacramento, CA, for defendants.

### MEMORANDUM AND ORDER

DAMRELL, District Judge.

This matter is before the court on motion by defendant Winco Foods, Inc. ("defendant") for attorney's fees. Plaintiff Jo Ann Peters ("Plaintiff") disputes that she is liable for attorneys fees, but does not specifically challenge the reasonableness of defendant's request for $62,605.00 in fees and $3,353.00 in court costs.

### BACKGROUND

Plaintiff Jo Ann Peters ("plaintiff"), an amputee who requires use of a wheelchair for mobility, filed suit against defendant, the owner/operator of WincCo Foods, a grocery store of recent construction located near plaintiff's residence. The complaint alleged numerous violations of the Americans with Disabilities Act, 42 U.S.C. 12200 et seq, and state law.

On November 14, 2003, defendant filed a motion for summary judgment. By order dated December 18, 2003, the court grant-

ed defendant's motion for summary judgment as to all federal causes of action and declined to exercise supplemental jurisdiction over plaintiff's state law claims. Defendant subsequently filed the instant motion seeking $62,605.00 in attorneys fees and $3,353.00 in court costs.

## STANDARD

■ While attorney's fees generally are not recoverable, such fees may be awarded if authorized by enforceable contract or by applicable statute. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The Americans with Disabilities Act provides that "the court in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205.

In the context of the ADA and other civil rights statutes, strong policy considerations support awarding attorney's fees to prevailing plaintiffs. Plaintiffs play an integral role in enforcement of the statute through private litigation, and the award of attorneys fees provides an incentive to file such suits. applying rationale of *Christianburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 418, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

■ However, the "policy considerations which support the award of attorneys fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Id.* at 418–419, 98 S.Ct. 694. To the contrary, awards to prevailing defendants could have a chilling effect on the filing of ADA lawsuits by plaintiffs. For this reason, fees are not awarded as a matter of course to prevailing defendants, and should only be awarded under exceptional circumstances, "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir.1997) (adopting *Christiansburg* standard for Title I ADA cases). An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith. *Schutts v. Bently Nevada Corp.*, 966 F.Supp. 1549, 1557 (D.Nev.1997). Even where plaintiff is unaware at the commencement of the suit that the claim is frivolous, he may be liable for attorneys fees if he continues to litigate after it becomes clear that the action lacks factual substance. *Id.*

## ANALYSIS

Defendant seeks an award of attorney's fees expended to defend this litigation, asserting that plaintiff's claims were frivolous and without any basis in law or fact. (Defendant's Motion for Attorney's Fees ("Mot.") at 1.)

At first glance, this claim appears to fall squarely within the category of exceptional cases meriting an award of attorney's fees. Plaintiff filed a form complaint against defendants, identical to thirty other complaints filed by plaintiff in this court. The complaint alleged a host of violations of the ADA and state law:

(1) Defendants failed to provide access to the store from public sidewalks, parking or transportation. This failure may include, but is not limited to, installing an entrance ramp, widening entrances, reducing door pressure, and providing accessible parking spaces ...

(2) Defendants failed to provide access to those areas of the store where goods and services are made available to the public. This failure may include, but is not limited to, adjusting the layout of display racks, widening doors, rearranging furniture, providing Brailled and raised character signage, providing visual alarms, adding an accessible check-out counter, and installing ramps...

(3) Defendants failed to provide access to restroom facilities at the store. This

failure may include, but is not limited to removal of obstructing furniture or vending machines, widening of doors, installation of ramps, providing accessible signage, widening or toilet stalls and installation of grab bars.

(Complaint ¶¶ 28–30.)

The vast majority of these allegations appear to have been factually unsupported because they were almost entirely abandoned after plaintiff's expert visited the store. Gone were allegations of significant barriers to access, such as inadequate accessible parking, missing wheelchair ramps, obstructed entrances and aisles, and inaccessible products. Instead, plaintiff's expert identified five *potential* violations: 1) absence of detectable warnings before wheelchair ramps, 2) absence of required TDD signage at the public telephone, 3) height of the produce scales, 4) height of the meat and deli counter, and 5) absence of required "tow away" signage in the parking lot. The court granted summary judgment as to all five claims.[1]

Three of plaintiff's claims were frivolous *ab initio.* Plaintiff alleged that the wheelchair ramps lacked detectable warnings and the telephone did not have required TDD signage. Based on clear Ninth Circuit precedent, plaintiff only has standing to assert claims for barriers related to her

disability. Detectable warnings are designed to assist the visually impaired and TDD signage is designed to assist the hearing impaired. Plaintiff does not allege she has either visual and hearing impairment, and consequently she did not have standing to assert these claims. Further, ADAAG regulations and advisory notes make clear that meat counters are outside the scope of the ADA. Given the volume of disabilities litigation filed by plaintiff's counsel, the court must assume a passing familiarity with the law in this area. A cursory review of the regulations and applicable case law would have revealed that these claims wholly lacked merit.

However, plaintiff did assert a single non-frivolous claim, that the produce scale at Winco violated the ADA. While the court ultimately granted summary judgment in favor of defendant on this claim, neither the ADA nor its implementing regulations specifically addressed the issue presented. Defendant persuasively argued that the court should find the scale to be outside the scope of the ADA by drawing analogy to merchandise shelves and displays, which are not covered by the ADA. Plaintiff's counsel made little effort to support his position with relevant legal authority.[2] Nonetheless, the law on this point was unclear, and as a result the claim was not frivolous.[3] *See, e.g., Int'l*

---

1. The court did not rule on plaintiff's fifth claim regarding allegedly missing "tow away" signage. Plaintiff admitted that this claim alleged only violations of California law, and the court declined to exercise supplemental jurisdiction. However, the court notes that, according to defendant, the area identified by plaintiff's expert which allegedly lacked tow-away signage was on the property of the adjacent business owner.

2. Plaintiff's counsel was unprepared at oral argument and appeared unfamiliar with the allegations in the complaint and the arguments made in the memorandum in opposition to summary judgment. In response to

the court's questions, plaintiff's counsel was terse and unhelpful, frequently responding by stating that he would "submit the issue." At one point during oral argument, plaintiff's counsel asserted that the public telephone violated the ADA because it was placed too high on the wall. There was no reference to the height of the phone in plaintiff's complaint or opposition to summary judgment, which dealt exclusively with the lack of TDD signage. (See Transcript p. 7:1–8:12.)

3. Defendant essentially concedes as much in the motion for attorney's fees, characterizing this as plaintiff's "only real complaint." (Mot. at 7.)

*Bhd. of Teamsters Chauffeurs, Warehouse-men and Helpers of America, AFL–CIO, Local 631 v. Silver State Disposal Service, Inc.,* 109 F.3d 1409, 1412 (9th Cir.1997) (refusing to award fees and costs because of the lack of case law defining the precise contours of the issue); *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1489 (9th Cir.1995) (holding that the prevailing defendant was not entitled to attorney fees under § 1988 because there "was very little case law directly apposite.").

In cases where some of plaintiff's losing claims are frivolous but others are not, some Circuits have applied the Supreme Court's reasoning from *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), to conclude that, where plaintiff's frivolous and nonfrivolous claims are interrelated, the defendant may not recover attorney's fees for time spent defending the frivolous claims. *Tarter v. Raybuck,* 742 F.2d 977 (6th Cir.1984) (finding district court abused its discretion in awarding attorneys' fees to defendant because action that included one non-frivolous Fourth Amendment claim was not wholly meritless or without foundation); *Colombrito v. Kelly,* 764 F.2d 122, 132 (2d Cir.1985) (reversing district court's award of attorneys' fees where plaintiff's claims were closely intertwined and continuation of the meritless claim past discovery had only scant effect on the time and other resource costs of the litigation); *See also* Conte, Alba, *Attorney Fee Awards* 2d Ed. (2003).

However, other Circuits have permitted an award of attorneys fees for costs of defending the frivolous claims even where they are interrelated with non-frivolous claims. *See Ward v. Hickey,* 996 F.2d 448 (1st Cir.1993) (stating that "a district court should not deny fees for defending frivolous claims merely because calculation would be difficult"); *Curry v. A.H. Robins Co.,* 775 F.2d 212 (7th Cir.1985) (holding

that a prevailing defendant may be awarded fees incurred in defending against a frivolous claim or portion thereof, even if other claims asserted by the plaintiff were not frivolous); *Head v. Medford,* 62 F.3d 351 (11th Cir.1995) (reversing district court's denial of attorneys' fees for frivolous federal due process claims even though no finding had been made regarding merit of state law claims over which court declined to exercise supplemental jurisdiction).

The Ninth Circuit has not addressed this question, although two reported cases offer some guidance. In *Jensen v. Stangel,* 762 F.2d 815, 818 (9th Cir.1985), the Court appeared to apply *Hensley* to deny a prevailing defendant attorneys fees. *See* Conte, Alba, *Attorney Fee Awards* § 5.03 (2d ed.2003) (citing *Jensen* for the proposition that "courts have applied the *Hensley* analysis in determining that if the frivolous and non frivolous claims are interrelated the defendant may not recover attorneys' fees ... for time spend defending the frivolous claims.") In *Jensen,* the Ninth Circuit reversed the lower court's award of attorneys fees to defendants in a civil rights action against the City of San Jose and individual police officers. The Court found that the plaintiff's claim against the individual officer was not frivolous and reversed the fee award as to that officer. However, the Court also reversed the award to the City of San Jose, even though plaintiff's claim against the City may have become frivolous after discovery failed to produce evidence supporting plaintiff's claims. Without citing *Hensley,* the court noted that the attorney "spent the bulk of his time defending [the nonfrivolous claim]" and counsel conceded the "city's fee claim would rise and fall with the [officer's] claim." *Id.* at 819.

However, in *Saman v. Robbins,* 173 F.3d 1150, the Ninth Circuit reached a

contrary result. In that case, the district court had denied attorneys fees to all defendants in a civil rights action, concluding that, "although several of plaintiffs' claims may have been groundless, those claims were related to plaintiffs' nonfrivolous claims." *Id.* at 1157. The Ninth Circuit held that the district court abused its discretion in denying attorneys' fees to one of the defendants, against whom all claims were groundless.[4] Thus, *Saman* approved the award of attorneys fees to one defendant where some of plaintiff's claims against other defendants were not frivolous.

■ While neither *Jensen* nor *Saman* addresses the precise situation before the court, they do suggest that this Circuit affords the district court discretion to award attorneys fees, even where plaintiff's action is not wholly frivolous. However, the court recognizes that such awards will rarely be appropriate where plaintiff has asserted significant meritorious claims. See *Summers v. Teichert & Son, Inc.*, 127 F.3d at 1154 ("Attorneys fees should only be awarded to prevailing defendants in exceptional circumstances."). However, where the action viewed as a whole lacks merit despite the presence of one or more legally tenable claims, attorneys fees may be appropriate.[5]

The court finds that attorney's fees are warranted under the circumstances of this case. The sweeping allegations of ADA violations contained in plaintiff's form complaint stated only one legally and factually tenable claim regarding the height of a produce scale. Moreover, the circumstances of this case suggest that it was filed for the purpose of obtaining a quick settlement, rather than remedying barriers to access for the disabled.[6]

This is particularly troubling in light of plaintiff's remarkable litigiousness. Plaintiff has initiated no less than thirty separate lawsuits in this court, filing form complaints which stretch the meaning of notice pleading by alleging boilerplate violations of the ADA and state law.[7] Such multiplicitous "off the shelf" filings of questionable merit divert judicial resources away from cases alleging specific, legitimate and

---

4. The language of the *Saman* Court's decision also suggests that district courts have discretion to award fees where the plaintiff has asserted both frivolous and nonfrivolous claims against the same defendant. In affirming the district court's denial of fees to several other defendants, the Court stated that "we cannot say that the district court abused its discretion by finding that the circumstances of this case did not warrant and award of attorney fees . . . ." If the Court intended to mandate that district courts deny fees in all cases containing related frivolous and nonfrivolous claims, it would do so expressly, rather simply finding that the court "[could not] say the [lower] court abused its discretion."

5. There is no question that plaintiff's claims were related. All claims alleged violations of the ADA or parallel state statutes and involved a common set of facts (plaintiff's visits to the store). *See Hensley* (explaining that interrelated cases are those which "involve a common core of facts or [are] based on related legal theories.").

6. Defendant references what it terms a "shake down" letter sent by plaintiff's counsel one month after initiation of the litigation, in which plaintiff accuses defendant of committing "numerous violations of the ADA," and asserts that plaintiff could be entitled to as much as "$150,000 plus treble damages, punitive damages and attorneys fees." Plaintiff's counsel asks defendant's counsel "to remind his client of the tax benefit for the costs of making ADA improvements" and offers to "allow the remedial work to be spread out over 2002–2003 and possibly longer" if the parties reach a "quick settlement." (Hubbard Letter, Attached as Ex. B to Def's Motion for Summ. J.)

7. Plaintiff's counsel has filed a staggering 291 separate ADA actions in the Eastern District, 60 in the first 3 months of this year.

substantial violations of the rights of disabled persons. Further, such litigation "brings into disrepute" the important objectives of the ADA by instead focusing public attention on the injustices suffered by defendants forced to expend large sums to mount defenses to groundless or hypertechnical claims. *See Wrenn v. Gould*, 808 F.2d 493, 504–505 (6th Cir.1987) (raising concerns regarding the effect of groundless actions brought by a plaintiff under 28 U.S.C. § 1988.)

In opposition to defendant's motion for attorneys fees, plaintiff asserts that the Ninth Circuit has declined to award attorneys fees "under circumstances far more egregious than these".[8] (Plaintiff's Opposition to Attorneys Fees ("Opp'n") at 6). However, the case relied on by plaintiff, *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150 (9th Cir.1997), is distinguishable. *Summers* involved a truck driver who was injured during a workplace accident. Plaintiff alleged that, when he returned to work after a year of recuperation, his employer failed to accommodate his injury by providing him work that he could perform in spite of his injuries. The Ninth Circuit affirmed, on alternate grounds, the district court's grant of summary judgment in favor of defendant. *Id.* at 1154. Noting that plaintiff did not contact his employer to request work, the Court held that plaintiff had not demonstrated there was a triable issue as to whether defendant reasonably accommodated plaintiff's alleged disability. *Summers*, 127 F.3d at 1153. In addressing defendant's anticipated motion for attorney's fees, the Ninth Circuit stated that, under the *Christiansburg* standard "we belief a grant of attorney's fees would be inappropriate in this case." In stark contrast to *Summers*, this case involves claims that, from the outset, plaintiff lacked standing to assert and claims that were legally unsupportable under existing ADAAG regulations.

Accordingly, the court grants defendant's motion for attorneys fees under 42 U.S.C. § 12205.

## II. Attorneys Fees Under 28 U.S.C. § 1927

 Defendant also requests attorneys fees under 28 U.S.C. § 1927, which provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In order to impose sanctions under section 1927, the court must make a finding that the attorney acted in bad faith. *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir.1990). Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *Id.*

Defendant asserts that attorneys fees are warranted under section 1927 because plaintiff's counsel "treated this case like a 'mill operation' rather than a genuine effort to prosecute the rights of his client." (Motion at 8.) While the court finds plaintiff's counsel's conduct troubling, there is not sufficient evidence of bad faith to warrant attorney's fees under section 1927. Accordingly defendant's motion for attorneys fees under section 1927 is DENIED.

---

8. On March 4, 2004, plaintiff filed with the court a Declaration of Lynn Hubbard, III, in Opposition to Defendant's Reply Brief in Support of Their Motion for Attorney Fees and Costs. Because Local Rule 78–230 does not provide for the filing of a reply to a reply brief, the court did not consider this document in reaching its decision.

## III. Attorneys Fees under California Law

Defendant asserts that it is entitled to attorneys fees under California law for claims that the court dismissed on jurisdictional grounds. After granting summary judgment as to all federal claims, the court declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims. An award of attorneys fees for these claims would be inappropriate because they were not adjudicated on the merits. Accordingly, defendant's request for attorneys fees under California law is DENIED.

## IV. Reasonable Fee Award

The district court exercises its discretion in determining the reasonableness of the fee claimed by the prevailing party. *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1213 (9th Cir.1986), amended at 808 F.2d 1373 (9th Cir.1987).

Once a court has decided to exercise its discretion in awarding attorneys' fees, courts ordinarily set a reasonable fee amount using the "lodestar" method. *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Serrano v. Priest*, 20 Cal.3d 25, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977). This method measures reasonable attorneys' fees by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum*, 465 U.S. at 888, 104 S.Ct. 1541. This measure is "generally applicable in all cases which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Following the lodestar method, the first step is to determine the number of hours "reasonably" expended by plaintiff in the prosecution of this suit and what a "reasonable" hourly rate is for such work. In order to decide what is "reasonable," courts look at "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895, 104 S.Ct. 1541; *Davis v. City of San Francisco*, 976 F.2d 1536, 1545 (9th Cir.1992) (a reasonable hourly rate should be determined "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.")

Defendant requests $60,525.00 attorneys fees, derived as follows: [9]

Samuel T. McAdam 7.5 hours × $215/hr. = $ 1612.50
67 hours × $240/hr. = $16,080.00

Anna T. Ngo 197.5 hours × $205/hr. = $40,487.50

Heather McCulloch 14.3 hours × $150/hr. = $ 2,145.00

In addition, defendant requests $2,080.00 in fees incurred in analyzing plaintiff's Opposition to Defendant's Motion for Attorney's Fees and preparing a Reply in support of its motion for attorneys fees. Courts have consistently held that fees incurred litigating attorneys fees are compensable. *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir.1986). Plaintiff does not object to the amount of fees requested.

Defendant submits a detailed invoice for the work performed by counsel in this case, as well as a declaration from counsel, Samuel T. McAdam, describing the experience of the attorneys and paralegals involved. Samuel McAdam, a supervising associate with significant experience defending civil rights litigation, billed at a rate of $215 for work performed in 2002,

9. The Reply was prepared by Samuel McAdam, whose billing rate for 2004 is $260 per hour. The court finds this billing rate and the eight hours expended on this task to be reasonable. (See Declaration of Samuel T. McAdam, incorporated in Defendant's Reply in Support of Motion for Attorneys Fees at 7.)

$240 for work performed in 2003, and $260 for work performed in 2004. Anna Ngo, an associate with three years experience practicing law, billed at a rate of $205 per hour for work, all of which was performed in 2003. Heather McCulloch, a litigation paralegal with seven years experience, billed at a rate of $150 per hour. In addition, the submitted invoices provide a specific, detailed description of each task performed in this case, the attorney or paralegal who performed it, the amount of time expended, and the applicable billing rate.

■ After carefully reviewing these documents, the court finds that both the time expended, as well as the rates charged by plaintiff's counsel for those tasks, were reasonable. However, the court reduces the award to account for time defendant's counsel expended defending plaintiff's non-frivolous claim and all state law claims. It is not possible to parse precisely defendant's counsel's billing statements, in part because much of the work performed was related to both frivolous and non-frivolous claims. However, based on the fact that three of plaintiff's five claims were patently frivolous, the court awards defendant 60% of its requested fees.

### CONCLUSION

For the foregoing reasons, defendant is awarded $37,563.00 in reasonable attorneys fees and reasonable court costs. The clerk shall tax costs by separate notice.

IT IS SO ORDERED.