Jo Ann PETERS, Plaintiff—Appellant,

v.

WINCO FOODS, INC.; et al.,
Defendants—Appellees.

Nos. 03–17404, 04–15972.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Oct. 20, 2005.

Lynn Hubbard, III, Law Offices of Lynn Hubbard, III, Chico, CA, for Plaintiff—Appellant.

Scottlyn J. Hubbard, Esq., Law Offices of Lynn Hubbard, Chico, CA, Samuel T. McAdam, Esq., Seyfarth Shaw Fairweather & Geraldson, Sacramento, CA, for Defendants—Appellees.

Before REINHARDT, THOMAS, Circuit Judges, and RESTANI,* Chief Judge, United States Court of International Trade.

## MEMORANDUM **

Jo Ann Peters appeals the judgment of the district court. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

## I

■ The district court did not abuse its discretion in limiting a site inspection discovery request to the inspection of sites relevant to the claims alleged in the plaintiff's complaint. *See Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668 (9th Cir.1975) ("[t]he function of a plaintiff's discovery is to secure evidence in support of his claims,"); Fed.R.Civ.P. 26, Advisory Committee Notes (2000 Amendments).

## II

■ The district court did not err in granting summary judgment. The only Americans with Disability Act claim that Peters urges on appeal is the unpled contention that WinCo did not provide accessible produce scales. It is not necessary for us to reach the question of whether the issue was properly pleaded in the first instance, or whether produce scales are subject to the requirements of the Americans with Disability Act Accessibility Guidelines for Buildings and Facilities ("ADAAG"), *see* 56 Fed.Reg. 35,408 (July 26, 1991) (codified at 36 C.F.R. Pt. 1191, App. A), because the parties agree that WinCo provided at least one accessible scale. *See, e.g.,* ADAAG § 4.1.3(12). Because lowering one scale was sufficient to meet the requirements of the ADAAG, the district court properly granted summary judgment.

■ The district court also did not err in granting summary judgment on Peters' discriminatory practices claim made pursuant to *Fortyune v. Am. Multi–Cinema, Inc.*, 364 F.3d 1075 (9th Cir.2004). Peters's reliance on *Fortyune* is misplaced because she does not assert that WinCo *used* its facility in a discriminatory manner; on the contrary, her claim is based on the height of the produce scales, which falls squarely within the *design* of the facility.

## III

■ The district court did not abuse its discretion in awarding attorneys fees to the defendants. The district court properly recognized that a fee award to a defendant may be made only in narrow, exceptional circumstances "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Summers v. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir.1997). After a careful review of the record, we conclude that the district did not abuse its discretion in making a fee award under the unusual circumstances presented by this case.

**AFFIRMED.**

Judge REINHARDT concurs in Section I and II and dissents from Section III. He would reverse the award of attorney's fees.

---

** The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.