Gary PALMER, Plaintiff,

v.

CHELSEA FINANCING PARTNER-SHIP, LP, Claire's Boutiques, Inc. dba Claire's Boutiques, et al., Defendants.

No. 2:05–CV–1935–MCE–GGH.

United States District Court,
E.D. California.

April 3, 2006.

Scottlynn J. Hubbard, Lynn Hubbard, III, Steve Wedel, Law Office of Lynn Hubbard III, Chico, CA, for Plaintiff.

Greg Hurley, Steacey Herter, Mark Koenigsberg, Greenberg Traurig, LLP, Costa Mesa, CA, Chelsea Dawn Munday, Akin Gump Strauss Hauer and Feld LLP, Los Angeles, CA, M. Brett Burns, Akin Gump Strauss Hauer and Feld, Dallas, TX, David E. Goldman, Wendel, Rosen, Black & Dean LLP, Oakland, CA, Jason Michael Julian, Foley And Lardner, LLP, San Francisco, CA, Jacqueline Desouza, Julie Marie Azevedo, Desouza Law Offices, PC, Berkeley, CA, George D. Kappus, John L. Rivkin, Steven M. Zuckermann, Rivkin Radler LLP, Uniondale, NY, Alden J. Parker, Jackson Lewis LLP, Sacramento, CA, for Defendants.

## ORDER

ENGLAND, District Judge.

Following its dismissal from this litigation on or about January 23, 2006, Defendant Claire's Stores, Inc. (erroneously sued herein as CLAIRE'S BOUTIQUES, INC. dba CLAIRE'S BOUTIQUES) ("Claire's") now asks this Court to award it attorney's fees in the amount of $18,631.25, either as a prevailing party under the Americans with Disabilities Act (pursuant to 42 U.S.C. § 12205, or alternatively due to Plaintiff's alleged sanctionable conduct under 28 U.S.C. § 1927) (which authorizes sanctions against a party who unreasonably and vexatiously multiplies legal proceedings). Claire's also urges the Court to award sanctions in accordance with its own inherent power against a party who has acted in bad faith.

Plaintiff filed the instant action on September 23, 2005. By letter dated October 17, 2005, Stacey Herter, counsel for Claire's, wrote Plaintiff's attorney, Lynn Hubbard, and advised Mr. Hubbard of a binding Consent Decree and Settlement Agreement reached in a nationwide class action involving disabled access to Claire's facilities. Because the terms of that settlement precluded the present action against Claire's, Ms. Herter asked that Mr. Hubbard dismiss Plaintiff's claim as against Claire's, and advised him that she would be forced to file a motion to dismiss and "seek any and all appropriate sanctions" if he failed to do so.

While Ms. Herter claims that at some unidentified time after sending the October 17, 2005 letter she called Mr. Hubbard's office "to discuss the dismissal of Claire's", she apparently spoke only with a paralegal and did not follow up her call with a confirming letter. Counsel for Claire's made no further attempt to solicit a voluntary dismissal of Plaintiff's lawsuit and instead filed a Motion to Dismiss on December 16, 2005. Mr. Hubbard filed a Statement of Non–Opposition to that Motion, which was thereafter granted on January 23, 2006.

■ Attorney's fees to a prevailing defendant in an Americans with Disabilities Act ("ADA") claim "should only be awarded under exceptional circumstances, 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Peters v. Winco Foods, Inc.,* 320 F.Supp.2d 1035, 1037 (E.D.Cal.2004), citing *Summers v. Teichert & Son, Inc.,* 127 F.3d 1150, 1154 (9th Cir.1997). This cautious approach is necessary in order to avoid the chilling effect that regular imposition of such fees could have upon plaintiffs' commencement of ADA claims. *Id.* An action is frivolous if it lacks an arguable basis in law or in fact. *Id.*

■ Any shortcoming of Plaintiff's claim against Claire's herein does not meet this rigorous standard. Claire's takes issue not with the potential merit of Plaintiff's claim but rather with Plaintiff's failure to dismiss the claim sooner once he knew it was procedurally barred by the nationwide Consent Decree and Settlement Agreement. Claire's argues that it was patently unreasonable for Plaintiff's counsel not to have voluntarily dismissed the action against Claire's between the time Mr. Hubbard was made aware of the Consent Decree by letter dated October 17, 2005 and the time a Motion to Dismiss was subsequently filed a little less than two months later, on December 16, 2005. Claire's makes this claim despite the fact that it made no further contact with Plaintiff's counsel during this period (aside from the aforementioned message left with a paralegal), and despite the fact that no discovery or other issues between the parties were pending in the meantime.

While Claire's correctly points out that attorney's fees under the ADA may be assessed when a plaintiff continues to liti-

gate after it becomes clear that his or her case is without merit, the delay at issue in this case simply does not constitute an "exceptional circumstance" warranting imposition of attorney's fees. While Claire's relies on the decision in *Schutts v. Bently Nevada Corp.* 966 F.Supp. 1549 (D.Nev. 1997), where fees were assessed against the losing plaintiff, to support its position, that case is clearly distinguishable. In *Schutts*, over a period spanning some five months, defense counsel sent two separate letters requesting dismissal before ultimately filing a motion for summary judgment after simultaneously pursuing discovery. Here, on the other hand, we have one letter during a two month period with no discovery or other case activity pending. *Schutts* simply does not justify imposition of attorney's fees in this case.

Given the circumstances present, and in exercising its discretion, the Court further finds that any delay in dismissing Plaintiff's claim against Claire's does not warrant sanctions, either under 28 U.S.C. § 1927 or pursuant to the court's own power. There has been no showing that Plaintiff either recklessly multiplied the proceedings, thereby improperly forcing Claire's to incur unreasonable costs, or that Plaintiff acted in bad faith by not earlier dismissing her claim against Claire's.

Defendant Claire's Motion for Attorney's Fees and/or Sanctions is accordingly DENIED.[1]

IT IS SO ORDERED.

---

1. Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78–230(h).