Gypsie JONES, Plaintiff,

v.

**WILD OATS MARKETS, INC.,**
dba Henry's Marketplace,
et al., Defendants.

No. CIV. 04–1018–WQH.

United States District Court,
S.D. California.

July 6, 2006.

Lynn Hubbard, III, Law Offices of Lynn Hubbard III, Chico, CA, for Plaintiff.

Jon D. Meer, DLA Piper Rudnick Gray Cary, Los Angeles, CA, for Defendants.

## ORDER

HAYES, District Judge.

Pending before the Court is Defendant Wild Oats' Motion for Attorney's Fees and Costs. The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Local Civil Rule 7.1. After considering the arguments raised by the parties in their briefing, the Court now issues the following rulings.

## BACKGROUND

Plaintiff is a thirty-three year-old woman who has been a paraplegic since she

was seventeen. Plaintiff uses a wheelchair when traveling in public. On December 14, 2003,[1] Plaintiff visited Henry's Marketplace (hereinafter "the Store") in Pacific Beach, San Diego. According to Plaintiff, she encountered numerous architectural barriers that deprived her of full and equal access to the Store. Plaintiff's Complaint alleged violations of the ADA and state law for barriers inside the Store.

Plaintiff and Defendant filed cross motions for Summary Judgment in this matter. On November 25, 2005, the Court denied Plaintiff's Motion for Summary Judgment and granted Summary Judgment in favor of Defendant Wild Oats. Defendant now moves for attorney's fees and costs.

## STANDARD OF REVIEW

While attorney's fees generally are not recoverable, such fees may be awarded if authorized by enforceable contract or by applicable statute. *Alyeska Pipeline Service Company v. Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141, (1975). The Americans with Disabilities Act provides that "the court in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205.

■ Strong policy considerations support awarding attorney's fees to prevailing plaintiffs. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 418, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). However, "fees are not awarded as a matter of course to prevailing defendants, and should only be awarded under exceptional circumstances,

'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997).

■ "An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith. Even where plaintiff is unaware at the commencement of the suit that the claim is frivolous, he may be liable for attorneys fees if he continues to litigate after it becomes clear that the action lacks factual substance." *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035, 1037 (N.D.Cal.2004) (internal citations omitted).

## DISCUSSION

On November 25, 2005, the Court granted Summary Judgment in favor of Wild Oats. From the Order, it is clear that Wild Oats prevailed on each of the claims. Attached to Plaintiff's Complaint was a "preliminary site report" containing forty-three (43) alleged violations. Of those alleged violations, only a few were the subject of the Summary Judgment Motions filed in this case. The alleged violations can be easily categorized into five "claims": (1) alleged barriers regarding the width of the store aisles; (2) alleged barriers regarding the height of the produce scales; (3) alleged barriers regarding the check out stands (4) alleged barriers regarding the drainpipes under the sink in the women's restroom; and (5) alleged barriers in the women's restroom. Of those that were at issue in the Motions, the Court granted summary judgment on several of the claims after finding that Plaintiff wholly

---

1. Plaintiff's Motion for Summary Judgment also included information regarding trips to the Store on September 7, 2004 and March 25, 2005. However, Plaintiff's Complaint was filed on May 18, 2004 and was not amended at anytime thereafter. Therefore, the Court only considered the allegations concerning Plaintiff's December 14, 2003 visit to the Store when conducting its analysis.

failed to submit evidence in support of its claims, and after finding that in some cases, the evidence of the Plaintiff's own expert *confirmed* that the claims were *without merit.*

### I. Federal Claims

 As to the alleged barriers regarding the width of the store aisles, the Court finds that the barriers did not exist and will grant fees on this claim. Plaintiff's own expert found the width of the aisles and the check out stands to be in compliance with the applicable regulations. *See MSJ Order; See also Settle Depo,* 129:7–18. The Court finds that this claim lacked "an arguable basis in law or in fact" at the time the summary judgment motions were filed, and the Court will therefore award fees based on this claim.

As to the alleged barriers regarding the check out stands, Plaintiff argued that the Store lacked a designated check out stand for the disabled, leaving Plaintiff unable to use the Pay–Point credit card machine because it was too high and unable to sign a credit card receipt on the counter because the counter was too high. However, as noted by the Court in the Order granting Summary Judgment in favor of Defendants, Plaintiff's own expert found the width of the aisles and the check out stands to be in compliance with the applicable regulations. *See MSJ Order; See also Settle Depo,* 81:1–9. The Court finds that this claim lacked "an arguable basis in law or in fact" at the time the summary judgment motions were filed, and the Court will therefore award fees based on this claim.

As to the alleged barriers regarding the drainpipes under the sink in the women's restroom, the Plaintiff argues that the Court's request for supplemental briefing on this issue deems it non-frivolous. The Court notes that the Court requested supplemental briefing not because there was a arguable basis in law or in fact, but because questions regarding the drainpipe claim remained after oral argument. After consideration of the supplemental briefing, the Court found that the evidence showed that any problem with respect to the lack of insulation around the drainpipe had been fixed. *See* Summary Judgment Order at 15; *Pltf's Depo* 155:17–17, 156:6–14. The Court noted that the Plaintiffs own expert conceded during deposition, and before the summary judgment phase, that the drainpipe "is *probably* adequately insulated." *See* Deposition of Reed Settle at 83:21.

 The Court finds that this claim did not wholly lack any "an arguable basis in law or in fact" at the time the summary judgment motions were filed. While Defendants ultimately prevailed on the claim, it was not so clear as to deem the claim frivolous. Thus, the Court will deny fees based on this claim.

 As to the alleged barriers regarding the height of the produce scales, and the alleged barriers in the women's restroom, while Plaintiff did not ultimately prevail on these claims, the Court finds that Plaintiff's claims were not wholly without factual substance.

Defendants argue that Plaintiff's claims regarding the produce bags and scales were frivolous because "...Plaintiff's counsel knew that this claim entirely lacked merit at the time Plaintiff's Complaint was filed. In fact, Plaintiff's counsel litigated *exactly* the same issues in *Peters,* with the court granting summary judgment in favor of the defendant on May 4, 2004. Here, Plaintiff's Complaint was not filed until May 18, 2004, a full two weeks after entry of the order granting summary judgment in *Peters.* Thus, Plaintiff's counsel had *actual notice* that Plaintiff's claim

based on the height of the produce bags and scales was baseless at the time it was filed." *See* Reply at 4.

In its Order granting Summary Judgment, the Court found that Plaintiff failed to show how the Store denied her full and equal treatment with regard to the produce scales and bags. While the Court ultimately found that the Plaintiff could not establish that a genuine issue of material fact existed with regard this particular claim, the claim did not clearly lack an arguable basis in law or in fact. Furthermore, the ruling by the court in *Peters* did not deem this claim frivolous. The merit of the claim turned entirely on whether Plaintiff was denied equal access under the circumstances, a fact specific inquiry.

Similarly, with respect to Plaintiff's claims regarding additional barriers in the restroom, the Court ultimately ruled in favor of Defendants finding that Plaintiff failed to set forth evidence establishing a genuine issue for trial. However, the Court's finding indicated that Plaintiff lacked evidence that she was denied access. For example, the Court found that Plaintiff failed to establish that she was denied full use and enjoyment of the Store due to the placement of a garbage can in the women's restroom. However, while the Defendant ultimately prevailed after a fact specific inquiry by the Court, the Plaintiff's claims did not clearly lack an arguable basis in law or in fact. It is conceivable that a plaintiff could bring successful claims under the ADA if the plaintiff could show both a violation of the ADAGGs regarding scales, produce bags, fixtures AND a denial of full and fair use and enjoyment of the Store. While Plaintiff could not show a denial of full and fair use and enjoyment here, the Plaintiff's allegations were not wholly without factual substance or an arguable basis in law or in fact when they were filed. Thus, finding

that these claims were not frivolous, the Court will decline to award fees on these claims.

In support of its argument that the Court should grant fees, the Defendant relies on *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035 (E.D.Cal.2004). In *Peters,* the court found that a 60% award of the fees sought was proper because three of the five claims still being pursued at summary judgment phase were patently frivolous. *See Id.* The court stated:

> The court finds that attorney's fees are warranted under the circumstances of this case. The sweeping allegations of ADA violations contained in plaintiff's form complaint stated only one legally and factually tenable claim regarding the height of a produce scale. Moreover, the circumstances of this case suggest that it was filed for the purpose of obtaining a quick settlement, rather than remedying barriers to access for the disabled.

> This is particularly troubling in light of plaintiff's remarkable litigiousness. Plaintiff has initiated no less than thirty separate lawsuits in this court, filing form complaints which stretch the meaning of notice pleading by alleging boilerplate violations of the ADA and state law. Such multiplicitous "off the shelf" filings of questionable merit divert judicial resources away from cases alleging specific, legitimate and substantial violations of the rights of disabled persons. Further, such litigation "brings into disrepute" the important objectives of the ADA by instead focusing public attention on the injustices suffered by defendants forced to expend large sums to mount defenses to groundless or hypertechnical claims.

*Id.* at 1040–1041 *(internal citations and footnote omitted).*

Plaintiff argues that the Court should disregard *Peters* because "that case has a good chance of being overturned on appeal." *See* Opposition at 3. However, four months before counsel filed the Opposition in this case, the Ninth Circuit *affirmed* the *Peter's* decision. *See Peters v. Winco Foods, Inc.*, 151 Fed.Appx. 549 (9th Cir. 2005).[2]

> The district court did not abuse its discretion in awarding attorneys fees to the defendants. The district court properly recognized that a fee award to a defendant may be made only in narrow, exceptional circumstances "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." After a careful review of the record, we conclude that the district did not abuse its discretion in making a fee award under the unusual circumstances presented by this case.

*Id.* at 550 (*internal citations omitted*).

The Ninth Circuit issued its decision affirming *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035 (E.D.Cal.2004) on October 20, 2005. Plaintiff filed its Opposition arguing that *Peters* might be overturned some four months after the decision was filed. Plaintiff's counsel was counsel of record in *Peters*. Therefore, the Court can only assume that Plaintiff had notice of the decision, and that Plaintiff's argument was made either recklessly, or in bad faith.

The Plaintiff further argues that "[a] lack of standing does not equate to a lack of an arguable basis in law or fact at the time the Complaint was filed. Indeed, in a recent Central District Court decision, Judge Carter declined to award attorneys'

fees to Defendant who had been successful in a motion for summary judgment for this very reason. *See Harris v. Del Taco, Inc.*, 2005 WL 3388144 (C.D.Cal 2005)." Plaintiff's Opposition at 8 (*emphasis in original*). In *Harris*, the Court stated:

> Here, the Court granted Defendants' motion for summary judgment on the ground that Plaintiff lacked Article III standing to bring his claim. Although Plaintiff's suit failed for lack of standing, the suit did not lack an arguable basis in law or fact. Especially in light of the possibility that awarding attorneys' fees to prevailing defendants in cases like this one will chill meritorious claims, the Court declines to exercise its discretion to award Defendants attorneys fees.

*Harris v. Del Taco, Inc.* 2005 WL 3388144, *1 (C.D.Cal.2005). From the ruling, it is clear that the *Harris* court's ruling was based on standing, which is not the case here. While the Court discussed mootness and its application to this case, the Court ultimately granted summary judgment on each of the claims because Plaintiff failed to submit any evidence that the barriers existed.

In *Peters*, the Court stated:

> An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith. Even where plaintiff is unaware at the commencement of the suit that the claim is frivolous, he may be liable for attorneys fees *if he continues to litigate after it becomes clear that the action lacks factual substance.*

*Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035, 1037 (E.D.Cal.,2004) (*internal cita-*

---

**2.** The Court notes that this is an unpublished decision and therefore cannot be cited by the Court unless an exception under Ninth Circuit Rule 36–3 applies. The Court finds that this case may be cited pursuant to Ninth Circuit Rule 36–3(B)(ii) which provides:

(ii) [Unpublished decisions] may be cited to this Court or by any other courts in this circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case.

*tions omitted*) (*emphasis added*). Here, Plaintiff submitted expert reports which confirmed that the barriers did not exist at the time the Summary Judgment Motions were filed. Plaintiff's choice to continue to argue that alleged barriers existed, in light of their own expert's evidence showing that the barriers did not in fact exist, deems the claims frivolous. Therefor, regardless of the nature of the claims at the time the Complaint was filed, the Plaintiff's choice to continue to litigate claims that lacked factual substance deems those claims frivolous.

The Court finds that exceptional circumstances, warranting a finding that the Plaintiff's action was frivolous, unreasonable, or without foundation, are present here. *See Summers v. Teichert & Son, Inc.,* 127 F.3d 1150, 1154 (9th Cir.1997). The record shows that of the claims remaining at the time summary judgment was sought, many lacked foundation. The Court finds that Plaintiff's arguments regarding *Peters* are wholly without merit and are themselves, borderline frivolous.

## II. State Law Claims

Plaintiffs argue that the Court should decline to award fees because the legislative intent behind the California's Disabled Person's Act was to award fees to prevailing *plaintiff's* only. *See* Opposition at 11. Plaintiff argues "Notwithstanding the language of the California Civil Code section 55, the legislative intent behind the act itself reveals a different conclusion. Legislative intent of course, is the most important key in determining what exactly the state legislature had in mind when it passed the subject statute." *Id.*

In *Viceroy Gold Corp. v. Aubry,* 75 F.3d 482, (9th Cir.1996), the Ninth Circuit stated:

Under California law, statutory construction begins with the language of the statute. *See Delaney v. Superior Court,* 789 P.2d 934, 268 Cal.Rptr. 753, 50 Cal.3d 785 (Cal.1990). If the language of the statute is clear and unambiguous, the statutory analysis ends. *Id.*

*Viceroy Gold Corp. v. Aubry,* 75 F.3d 482, 490 (9th Cir.1996).

Here, the language of the relevant statute is unambiguous. It states:

§ 55. Action to enjoin violation

Any person who is aggrieved or potentially aggrieved by a violation of Section 54 or 54.1 of this code, Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code, or Part 5.5 (commencing with Section 19955) of Division 13 of the Health and Safety Code may bring an action to enjoin the violation. The prevailing party in the action **shall be entitled to recover reasonable attorney's fees**.

Cal Civ Code § 55 (emphasis added). The statute states that the prevailing party shall recover fees. Despite Plaintiff's effort to show that the legislature meant *prevailing plaintiff* when it stated *prevailing party,* the Court finds that the language is clear.

■ While the ADA grants the court discretion to award attorney's fees, a fee award to a prevailing party under the California Disabled Persons Act ("CDPA") is not discretionary. *Goodell v. Ralphs Grocery Co.,* 207 F.Supp.2d 1124, 1126 (E.D.Cal.2002). "The prevailing party in [an] action [brought under the CDPA] shall be entitled to recover reasonable attorney's fees. Cal. Civ.Code § 55 (emphasis added). A 'prevailing party' includes a defendant 'as against those plaintiffs who do not recover any relief against that defendant,' unless 'the context clearly requires otherwise.' Cal.Code Civ. Proc. § 1032(a)." *Id.*

When filing the Complaint in this matter, Plaintiff chose to include state law claims. Defendants ultimately prevailed on each of the state law claims for the same reason that summary judgment was granted in their favor on the Federal claims. In *Goodell*, the court explained:

Plaintiff elected to bring state law claims in addition to his federal claim under the ADA. The risk of paying attorney's fees to defendant was one that plaintiff accepted when he chose to seek relief based on state law. Had plaintiff elected to rely exclusively on federal law, he would have had to forgo a claim for damages (because the ADA provides only for injunctive relief), but would not have exposed himself to liability for attorney's fees under state law. Plaintiff decided to clump his federal and state claims together, and therefore ran the risk of an award of attorney's fees under state law. Cf. *Passantino v. Johnson & Johnson*, 212 F.3d 493, 518 (9th Cir. 2000) (where issues are "inextricably intertwined" and the prevailing party achieves excellent results, reduction in attorney's fees is not warranted just because plaintiff succeeds on some but not all claims).

*Goodell v. Ralphs Grocery Co.*, 207 F.Supp.2d 1124, 1129 (E.D.Cal.2002).

■ The Court finds that Defendants prevailed on their state law claims for the same reasons they prevailed on their Federal claims. While the Court has discretion to award fees on the federal claims, the imposition of fees is mandatory on the state law claims. Because the evidence and argument submitted on the federal claims was identical to the state law claims, the Court finds that Defendants are entitled to the entire amount of fees sought, subject to any amounts found to be excessive.

### III. The Amount of Fees Sought

Plaintiff argues that the "amount of fees sought is outrageous." Opposition at 18.

■ The amount of the prevailing party's reasonable fees shall be calculated according to the lodestar method, in which an initial estimate of fees is obtained by multiplying the number of hours reasonably expended by counsel on the litigation by a reasonable hourly rate. There is a strong presumption that this lodestar figure constitutes a reasonable attorneys' fee because most relevant considerations are subsumed within this initial calculation. Only in rare or exceptional cases will adjustment of the lodestar be appropriate. *Cancio v. Fin. Credit Network, Inc.*, 2005 WL 1629809, 2005 U.S. Dist. LEXIS 13626 (N.D.Cal.2005) (*internal citations omitted*).

"After making the lodestar computation, the Court can assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–364 (9th Cir.1996) (*internal citations omitted*).

■ "Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation (4) the results obtained and (5) the contingent nature of the fee agreement." *Id.* at 364, *citing City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) (internal citations omitted). Furthermore, the twelve *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill

requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975).

### A. Hourly Rate

Information regarding the special skill and experience of counsel, the novelty and complexity of the issues, the fee type and amount involved, the experience, reputation, and ability of the attorneys, the time and labor required, the nature and length of the professional relationship with the client, and the quality of representation, is set forth in the Declaration of Jon Meer and Supplemental Declaration of Jon Meer.

Attorney Jon Meer served as lead counsel in this matter. Mr. Meer graduated as an Honorable Paul J. Liacos Scholar in the Law from Boston University Law School in 1989. *See* Declaration of Jon Meer at 5. Mr. Meer works for DLA Piper Rudnick Gray Cary, U.S. LLP., a firm with over 3000 lawyers worldwide and one of the ten largest law firms in California. *Id.* at 4. Mr. Meer has set forth evidence that he is considered a leading practitioner in his field. *See Id.* at 6. Throughout the case, the billing rate for Mr. Meer has been $485.00 per hour. Declaration of Jon Meer at 9. Mr. Meer has personally repre-

sented Defendant since 2002. Mr. Meer asserts that "Defendant is a highly important client for our law firm, and we strive to do whatever is needed to maintain good client relations and a strong business relationship." Declaration of Jon Meer at 9.

Attorney Christopher Manfredi graduated in 1992 from New York University Law School. He is a Senior Associate DLA Piper Rudnick Gray Cary, US, LLP, who works exclusively in the area of employment litigation. *See* Declaration of Jon Meer at 6. Throughout the case, the billing rate for Mr. Manfredi has been $430.00 per hour. Declaration of Jon Meer at 9.

Attorney Natasha Shum is also a senior Associate at DLA Piper Rudnick Gray Cary, US, LLP. She graduated law school[3] in 1999 from the University of California at Los Angeles. *See Id.* at 7. Throughout the case, the billing rate for Ms. Shum has been $360.00 per hour. Declaration of Jon Meer at 9.

The average rate billed by the attorney's is $377.39 per hour. Mr. Meer asserts "[o]ur client, who is in the best position to determine the value of our services, has already paid all of the fees sought in connection with this motion." *Id.* Mr. Meer further asserts: "[in] setting our billing rates, our law firm regularly gathers information regarding the rates charged by other law firms with multiple offices in California. These law firms include (1) Latham & Watkins LLP; (2) Gibson, Gunn [sic] & Crutcher LLP; (3) Paul, Hastings, Janofsky & Walker LLP; (4) Heller Ehrman LLP; (5) Wilson, Sonsini, Goodrich & Rosati LLP; and (6) Fenwick & West LLP. Based on the information gathered, our law firm has determined that the billing rates for attorneys at the

---

**3.** While the declaration does not specifically identify UCLA as Ms. Shum's *law school,* it is presumed from the fact that it states that she graduated from Berkeley in 1996, and then from the University of California in 1999. *See* Declaration of Jon Meer at 7.

referenced law firms range from approximately $195/hour for a first year associate, to $700 for senior partners. Based on all of the information I have reviewed regarding rates from similar large law firms with multiple offices in California, our billing rates are commensurate with our competitors." Supplemental Declaration of Jon Meer at 2.

Plaintiff argues that the hourly rates "...are nearly two half times the going rate [sic] that have been judicially recognized in similar cases." Opposition at 19. Plaintiff does not provide citation for this assertion. *See* Opposition at 18. Plaintiff instead makes conclusory objections to the hourly rates of the persons involved in the litigation and generally objects by providing a list of cases where a lower rate of approximately $250 per hour was awarded. *See* Opposition at 19. None of these cases, however, arise in this District and are therefore distinguishable on the basis of geographic disparity. *See Cancio v. Fin. Credit Network, Inc.,* 2005 WL 1629809, 2005 U.S. Dist. LEXIS 13626 (N.D.Cal. 2005). Plaintiff does not offer any information regarding the prevailing rate in this District.

In *Jordan v. Multnomah County,* 815 F.2d 1258(9th Cir.1987), the Ninth Circuit held:

> The fee applicant has the burden of producing satisfactory evidence, *in addition to the affidavits of its counsel,* that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.

*Id.* at 1263(*emphasis added* ). Because the Defendants had not provided the Court with any evidence in addition to the affidavits of counsel, the Court granted Defendants leave to file a "supplemental brief" to submit satisfactory evidence.

On May 11, 1006, Defendants submitted additional evidence regarding their hourly rates. Defendants submitted, among other things, a Declaration establishing that Mr. Meer has been rated as a "Super Lawyer" by Los Angeles Magazine, peer review ratings from Martindale–Hubble, several exhibits referencing lawyers in San Diego making comparable or higher rates in various types of litigation, and references to higher hourly rates in listings prepared by organizations such as JAMS/Endispute and the American Arbitration Association. Defendants also filed the Declaration of Defendant's Senior Vice President and General Counsel, Freya R. Brier, setting forth that Ms. Brier regularly monitored the billing statements of outside counsel in this case, and authorized payment of all of the legal fees sought in the pending Motion for Legal Fees. Defendants also submitted the Declaration of Mr. Andrew H. Friedman. Mr. Friedman sets forth that he is a lawyer in the same field within this District, that he has personally observed the Mr. Meer and Mr. Manfredi, and that he believes that the sought hourly rate is comparable to others in the community.

In the supplemental briefing, Plaintiff again sets forth conclusory arguments opposing the hourly rates. Plaintiff argues that the comparison to JAMS attorneys is "enlightening" and has no bearing on this case. Plaintiff also argues that "[a]lthough Henry's defense firm may be a global player, it clearly needs lessons in efficiency and basic economics." *See* Plaintiff's Supplemental Briefing at 3. Plaintiff also cites to an Order from a case in this District reducing *Mr. Hubbard's* hourly rates from $300.00 to $250.00. However, despite being given an additional opportunity to do so, Plaintiff does not specifically dispute the qualifications of Defendants' counsel. Plaintiff simply makes sweeping allega-

tions and conclusory arguments regarding the amount of fees sought in general.

Plaintiff also submitted the Declaration of Attorney Gary L. Wilmot. In his Declaration, Mr. Wilmot states that he has worked as a defense attorney in "many cases" involving the Americans with Disabilities Act and that his hourly rate is $295.00 an hour. *See* Wilmot Declaration at 2. However, Mr. Wilmot does not provide any information regarding his credentials or how long he has practiced law. Thus, the Court cannot use Mr. Wilmot's Declaration as evidence of what is reasonable in the community.

█ The Court finds that Plaintiff's arguments regarding the hourly rate are conclusory and not supported by evidence. However, the Court finds that the reasonable hourly rate for Defendants' counsel given the circumstances of this case is $325.00.

The Court has considered the specifics of the case, including the complexity of the issues and the fact that the matter was resolved by way of summary judgment in determining the reasonable rate. While the Court finds that the hourly rate set forth in Defendant's affidavits may be reasonable in some circumstances, the novelty and difficulty of the questions involved, and the time and labor required in this case warrant a rate of $325.00 an hour. Put another way, while Defendants' evidence shows that counsel may very well be worth $485.00 an hour, the specifics issues and complexity of this case warrant a finding that $325.00 an hour is reasonable. The Court has also considered the experience, reputation, and ability of the attorneys, the nature of their professional relationship with the client, and awards in similar cases in making this determination.

Accordingly, the Court will require Defendants to submit a proposed order reflecting the total number of hours spent recalculated at a rate of $325.00 per hour.

### B. Use of Multiple Lawyers

Plaintiff also complains of the Defendant's use of three lawyers in its Response, and of "10!" individuals in its Supplemental Briefing. As a preliminary matter, the Court notes that *Plaintiff* used three lawyers in litigating this case. In addition, of the ten individuals that Plaintiff suggests it was "outrageous" to use, several are support staff.

█ Regarding the use of multiple attorneys, the Ninth Circuit has recognized that "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *McGrath v. County of Nev.*, 67 F.3d 248, 255 (9th Cir.1995) (quoting *Kim v. Fujikawa*, 871 F.2d 1427, 1435 n. 9 (9th Cir. 1989)). Instead, "[a] reduction of fees 'is warranted only if the attorneys are *unreasonably* doing the *same* work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation.'" *Noyes v. Grossmont Union High School Dist.*, 331 F.Supp.2d 1233, 1250 (S.D.Cal.2004) (emphasis in original) (quoting *Johnson v. Univ. College*, 706 F.2d 1205, 1208 (11th Cir.1983), and citing *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 785 (9th Cir.1986)). The Court finds that Defendant has sufficiently shown that the use of three attorneys in this matter did not result in higher costs, and in fact, resulted in lower costs due to tasks performed by associates at lower rates.

### C. Number of Hours Spent

Plaintiff also argues that the amount of time spent is "excessive." Plaintiff does not specifically state how the time spent is

excessive, nor does Plaintiff specifically address any of the tasks performed by counsel. Instead, Plaintiff simply makes conclusory arguments alleging that the hours are excessive. Defendants attached detailed bills to their Motion for Fees, yet Plaintiff did not site to a single entry or dispute the amount of time spent on any single task. While Plaintiff generally claims that the amount of time spent is excessive, the Plaintiff does not point the Court to any particular entry or evidence in support of its position that the bill is too much.

It is the burden of the party opposing the request to submit specific objections to the hours expended. *Gates v. Deukmejian,* 987 F.2d 1392, 1404 (9th Cir. 1992). Furthermore, "[c]onclusory and unsubstantiated objections are not sufficient to warrant a reduction in fees." *Cancio v. Fin. Credit Network, Inc.,* 2005 WL 1629809, 2005 U.S. Dist. LEXIS 13626 (N.D.Cal.2005). Thus, the Court finds that Plaintiff's arguments regarding the number of hours spent is without merit.

However, after considering all of the evidence submitted by Defendants, including the number of hours spent on each task, the Court finds that the complexity of this case and the time and labor required warrants a 33% reduction of the total number of hours spent. There is no doubt that counsel has special skill and experience and that the quality of representation was excellent in this case. However, after considering the novelty and complexity of the' issues involved in this case, the results obtained, the work required in obtaining them, and the specific tasks performed by counsel, the Court finds that a 1/3 reduction in the total number of hours is appropriate. Accordingly, the Court will require Defendants to submit a proposed order reflecting a reduction in hours by 33%.

### D. Clerical Tasks

Defendant's paralegal and case assistant expenditures require separate analysis. While paralegal hours are recoverable, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins,* 491 U.S. 274, 288, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). Time spent on "filing, document organization and other clerical matters" should instead be accounted for by a law firm's overhead and deemed to be included in the attorney's hourly rate. *See Keith v. Volpe,* 644 F.Supp. 1312, 1316 (1986).

On Exhibit page J212, Defendants list work by K. Early, a paralegal, as "Copied Plaintiff's Summary judgment materials to be included in hearing binder." Defendants bill 1.50 hours at a total of $270.00 for this task. On Exhibit page J213, Defendants list work by K. Early, a paralegal, as "Created binders for hearing . . .". Defendants bill 4.50 hours at a total of $810.00 for this task. The Court determines that each of these tasks is clerical in nature and shall be accounted for by the law firm's overhead and deemed to be included in the attorney's hourly rate. *See Keith v. Volpe,* 644 F.Supp. 1312, 1316 (1986). Thus, the Court will subtract a total of $1080.00 from the amount of fees sought.

### IV. Costs

Plaintiffs make no mention on the amount of litigation expenses sought by the Defendants. Thus, the court will award the entire amount of litigation expenses sought. However, Defendants shall contact the Clerk's Office regarding a bill of costs hearing for taxable costs

sought.[4]

### V. Supplemental Briefing

Defendants seek $11,155.00 in fees in conjunction with preparing their supplemental brief. Because supplemental briefing was required due to Defendants' failure to provide the Court with adequate information in its original Motion, the Court will deny fees sought in conjunction with preparation of the supplemental brief.

### CONCLUSION & ORDER

The Court finds that of the five issues in dispute at the time of summary judgment, two lacked an arguable basis in fact or law and were frivolous. Thus, the Court finds that Defendants are entitled to 40% of their fees and costs sought in conjunction with their ADA claims, and 100% of their fees and costs sought in conjunction with their state law claims. The Court will award Defendants the total amount of their fees sought, subject to a reduction of the hourly rate, the number of hours spent, and a subtraction of $1080.00 for fees sought in conjunction with clerical tasks. The Court will also deny the request for fees sought in conjunction with preparation of the supplemental brief.

Defendants request both an amount of $282,737.45 *See* Motion page 22, and $287,737.45 *See* Motion page 24. The Court will require Defendants to submit a Proposed Order awarding fees and litigation expenses. The Proposed Order shall include the accurate amount of fees sought in the Motion calculated at a rate of $325.00 per hour. However, the amount shall reflect a reduction in the total number of hours by 1/3, a deduction of $1080.00 for clerical tasks performed, and shall not include any fees associated with preparation of the supplemental briefing.

Accordingly,

**IT IS ORDERED** Defendants' Motion for Costs and Fees is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** *on or before July 21, 2006*, Defendants shall submit a Proposed Order awarding fees and litigation expenses. The Proposed Order shall include the accurate amount of fees sought in the Motion calculated at a rate of $325.00 per hour. The amount shall also reflect a deduction of $1080.00 for clerical tasks performed and shall not include any fees associated with preparation of the supplemental briefing. The amount shall reflect a 33% reduction in the total number of hours.

**IT IS SO ORDERED.**

---

4. While Defendants initially contacted the Clerks office for a bill of costs hearing, the hearing was continued pending a determination by the Court on the fees issue.