**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIA PUGH; TOMMIE PUGH, | No. 11-15934 |
| Plaintiffs - Appellants, | D.C. No. 4:08-cv-04159-PJH |
| v. | |
| DOCTORS MEDICAL CENTER;  MALCOLM JOHNSON, M.D., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Tommie and Willia Pugh appeal pro se from the district court's partial

summary judgment, and the jury's verdict, in their action alleging that defendants'

denial of emergency medical care to Mr. Pugh violated state and federal law.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's formulation of civil jury instructions and its evidentiary rulings, *Tritchler v. County of Lake*, 358 F.3d 1150, 1154 (9th Cir. 2004), and uphold a jury's verdict if it is supported by "substantial evidence," *Watec Co., Ltd. V. Liu*, 403 F.3d 645, 651 n.5 (9th Cir. 2005). We affirm.

We dismiss for lack of jurisdiction the appeal with respect to summary judgment on Mr. Pugh's claims because he failed to file a timely notice of appeal within 30 days after the entry of separate judgment on his claims against defendant Doctors Medical Center, or within 180 days after the grant of summary judgment on his claim against defendant Malcolm Johnson. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed 30 days after entry of judgment or order); *Harmston v. City & Co. of San Francisco*, 627 F.3d 1273, 1279-80 (9th Cir. 2010) (no jurisdiction over appeal filed after 180 days of final, appealable order as to which court did not enter a separate judgment); *SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1174-75 (9th Cir. 2006) (entry of judgment under Fed. R. Civ. P. 54(b) renders an order final and appealable).

The Pughs waived their challenge to the district court's jury instructions and evidentiary rulings, as well as the jury's verdict, related to the trial of Mrs. Pugh's sole claim against defendant Johnson because they fail to show that they objected

to any jury instruction; do not explain why the exclusion of any evidence was prejudicial; fail to provide a trial transcript; and do not establish that they moved for judgment as a matter of law, either at the conclusion of the evidence or after the verdict. *See* Fed. R. Civ. P. 51(d) (party must object before appealing alleged error in jury instructions); Fed. R. App. P. 10(b)(2) (requiring transcript relevant to any claim that a finding is unsupported by, or contrary to, the evidence); *Saman v. Robbins*, 173 F.3d 1150, 1154 (9th Cir. 1999) (failure to make a timely motion for judgment as a matter of law waives any sufficiency of the evidence argument); *Am. Int'l Enters., Inc. v. FDIC*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) (issues raised in briefs that are not supported by argument are deemed abandoned).

The Pughs' remaining contentions are unpersuasive.

We do not consider issues and arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**