NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REGENA BRYANT,<br><br>               Plaintiff-Appellant,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC.; et al.,<br><br>               Defendants-Appellees. | No.    17-56029<br><br>D.C. No. 8:16-cv-00478-DFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding[**]

Submitted November 30, 2018[***]

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges

Regena Bryant appeals pro se from the district court's summary judgment

and judgment following a jury trial in her employment action under Title VII and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      With the parties' consent, a magistrate judge presided over the jury trial. *See* 28 U.S.C. § 636(c); *see also* Fed. R. Civ. P. 73 ("[A] magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial.").

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Age Discrimination in Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Saman v. Robbins*, 173 F.3d 1150, 1155, 1157 (9th Cir. 1999) (summary judgment and judgment as a matter of law). We affirm.

The district court properly granted summary judgment on Bryant's retaliation claim because Bryant failed to raise a genuine dispute of material fact as to causation. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (explaining that protected conduct must be a but-for cause of an adverse employment action in order to support a retaliation claim).

The district court properly granted summary judgment on Bryant's harassment claim because Bryant failed to raise a genuine dispute of material fact as to whether any hostile conduct was sufficiently severe or pervasive to constitute harassment as a matter of law. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Bryant's disparate treatment claim based on the telecommuting policy because Bryant failed to raise a genuine dispute of material fact as to whether any similarly situated employees were treated more favorably. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151,

1156-57 (9th Cir. 2010) (individuals are similarly situated "when they have similar jobs and display similar conduct" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Bryant's disparate impact claim because Bryant failed to identify any evidence as to the impact of the telecommuting policy on a protected class. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir. 2002) (listing elements of a prima facie case for disparate impact). The district court reasonably concluded that Bryant's wrongful termination claim was redundant of her other claims.

Contrary to Bryant's contentions, the district court's denial of defendants' motion for summary judgment determined only that there were questions of fact for the jury with respect to some of Bryant's claims, and not that Bryant had proved her claims as a matter of law. *See Simo v. Union of Needletrades, Indus. & Emps.*, 322 F.3d 602, 610 (9th Cir. 2003) ("Summary judgment is improper if there are any genuine factual issues that properly can be resolved only by a finder of fact. . . ." (internal quotation marks omitted)).

We do not review the district court's denial of Bryant's motion for summary judgment because there was a jury trial on the merits of her race and age discrimination claims. *See Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1193 (9th Cir. 2006). Bryant waived any challenge to the jury verdict by failing to raise the issue on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985

3                                    17-56029

n.2 (9th Cir. 2009).

The district court did not abuse its discretion in orally issuing pretrial orders during a pretrial conference.  *See C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (standard of review for pretrial orders).

The district court did not abuse its discretion in ruling on the motions in limine.  *See Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017) (standard of review).

The district court properly granted judgment as a matter of law on Bryant's demotion claim because Bryant failed to introduce evidence at trial from which a reasonable jury could believe that defendants discriminated against her on the basis of race or age when she was demoted, and because Bryant failed to timely file an EEOC charge.  *See Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012) (elements of ADEA claim); *Hawn*, 615 F.3d at 1156 (elements of prima facie Title VII claim); *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (scope of an EEOC investigation).  To the extent that Bryant contends that the district court improperly granted judgment as a matter of law on any additional claims, her contention is inconsistent with the record as to what the district court actually did.

The district court properly denied Bryant's motion for judgment as a matter of law because significant factual issues remained for the jury.  *See Peralta*, 744 F.3d at 1085.

The district court did not abuse its discretion in denying Bryant's motion to disqualify all judges in the Central District of California. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1294 (9th Cir. 1992) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett*, 587 F.3d at 985 n.2.

**AFFIRMED.**